Commonwealth *v.* Williams, Appellant.

Argued January 22, 1974. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Louis Lipschitz,* for appellant.

*David Richman,* Assistant District Attorney, with him *Albert L. Becker,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 16, 1974:
The right to speedy trial is "one of the most basic rights preserved by our Constitution." *Klopfer v. North*

*Carolina,* 386 U.S. 213, 226, 87 S. Ct. 988, 995 (1967). Nevertheless, our criminal justice system is unfortunately at times plagued by delay. We must today decide whether a delay of more than three and one-half years in bringing an accused to trial violates the right to speedy trial.

James Williams was arrested on February 9, 1968. Three and one-half years later a jury found him guilty of voluntary manslaughter. Sentence of three to twelve years imprisonment was imposed. Prior to trial appellant had moved to quash the indictment alleging that he had been denied his constitutional right to speedy trial. The motion to quash was denied. We conclude that the three and one-half year hiatus between arrest and trial denied appellant his constitutionally-guaranteed right to speedy trial.[1] We therefore reverse the judgment of sentence and dismiss the indictment.[2]

---

[1] The right to speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and article I, section 9 of the Pennsylvania Constitution. Although our decision is compelled by the United States Constitution, see *Klopfer v. North Carolina,* 386 U.S. 213, 87 S. Ct. 988 (1967), the same result is mandated by the Pennsylvania Constitution.

[2] The American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial §4.1 (Approved Draft, 1968), makes clear that one denied his right to speedy trial should be discharged. "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the consequence should be absolute discharge. Such discharge should forever bar prosecution for the offense charged and for any other offense required to be joined with that offense. Failure of the defendant or his counsel to move for discharge prior to trial or entry of a plea of guilty should constitute waiver of the right to speedy trial."

The United States Supreme Court has likewise recognized discharge as the only remedy in speedy trial cases. "The amorphous quality of the right [to speedy trial] also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right

During his three and one-half year pretrial incarceration[3] appellant was represented successively by four court-appointed lawyers. Approximately two months after appellant's arrest the court permitted his first court-appointed lawyer to withdraw from the case. Appellant's second appointed counsel represented him for more than two years. During this period numerous attempts were made to certify appellant, then a juvenile, to be tried as an adult. Each attempt was aborted due to conflicts in court-appointed counsel's schedule. In February 1969, about a year after appellant's arrest, the certification hearing was waived and appellant was indicted. The case was not listed for trial until July 1970. This listing was later discontinued and on September 17, 1970, the court permitted defense counsel to withdraw.

From September 17 to November 5, 1970, appellant's mother attempted, unsuccessfully, to retain private counsel in order to expedite her son's trial. On November 5, 1970, appellant's third lawyer was appointed. Several pretrial motions, including a motion to dismiss the indictment, were immediately filed.[4] The motions were denied.

On June 29, 1971, the third lawyer was permitted to withdraw and appellant's present counsel was appointed. Trial was listed for August, but because

has been deprived. . . . Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy." *Barker v. Wingo*, 407 U.S. 514, 522, 92 S. Ct. 2182, 2188 (1972) (footnote omitted) ; see *Commonwealth v. Hamilton*, 449 Pa. 297, 302, 297 A.2d 127, 129 (1972).

[3] Appellant was arrested, detained, and tried prior to our holding that murder is a bailable offense. *Commonwealth v. Truesdale*, 449 Pa. 325, 296 A.2d 829 (1972).

[4] In his motion to dismiss appellant relied on the speedy trial provisions of both the United States and Pennsylvania Constitutions. See U.S. Const. amend. VI ; Pa. Const. art I, § 9.

counsel was not informed of the proposed trial date a postponement was granted. The trial finally began on September 22, 1971. Appellant was convicted and this appeal followed.[5]

In *Barker v. Wingo*, 407 U.S. 514, 529-30, 92 S. Ct. 2182, 2191-92 (1972), the United States Supreme Court declared that in determining whether an accused has been denied a speedy trial, the conduct of both the prosecution and the defense must be weighed. While recognizing the inherently ad hoc nature of this balancing approach, the Court identified four factors which should be assessed: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530, 92 S. Ct. at 2192 (footnote omitted).[6] Length of the delay, the

---

[5] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1974).

[6] In *Commonwealth v. Hamilton*, 449 Pa. 297, 299, 297 A.2d 127, 128 (1972), we affirmed the quashing of an indictment because the accused had not been tried six years after the institution of criminal proceedings. Cf. *Commonwealth v. Pearson*, 450 Pa. 467, 472-73, 303 A.2d 481, 483-84 (1973); *Commonwealth v. Jones*, 450 Pa. 442, 445-49, 299 A.2d 288, 290-92 (1973). See also *State v. Mathis*, 110 Ariz. 254, 255, 517 P.2d 1250, 1251-52 (1974); *Sykes v. Superior Court*, 9 Cal. 3d 83, 90-95, 507 P.2d 90, 95-98, 106 Cal. Rptr. 786, 791-94 (1973); *People v. Spencer*, 182 Colo. 189, 194-95, 512 P.2d 260, 262-63 (1973); *Johnson v. State*, 305 A.2d 622, pet. for cert. dismissed, 413 U.S. 901, 93 S. Ct. 3072 (Del. 1973); *State v. Almeida*, 54 Haw. 443, 509 P.2d 549 (1973); *People v. Hickman*, 56 Ill. 2d 175, 177, 306 N.E.2d 32, 34-35 (1974); *State v. Gorham*, 206 N.W.2d 908 (Iowa 1973); *State v. Carlson*, 308 A.2d 294, 298-99 (Me. 1973); *Commonwealth v. Horne*, 291 N.E.2d 629 (Mass. 1973); *People v. Chism*, 390 Mich. 104, 110, 211 N.W.2d 193, 196-98 (1973); *Craig v. State*, 284 So.2d 57, 58-59 (Miss. 1973); *State v. Morris*, 501 S.W.2d 39 (Mo. 1973); *State v. Sanders*, 163 Mont. 209, 516 P.2d 372 (1973); *Petschauer v. Sheriff*, 89 Nev. 328, 512 P.2d 1325 (1973); *State v. Blake*, 113 N.H. 115, 121, 305 A.2d 300, 305 (1973); *People v. Minicone*, 28 N.Y.2d 279, 270 N.E.2d 300, 321 N.Y.S.2d 570, cert. denied, 404 U.S. 853, 92 S. Ct. 99 (1971); *State v. Foster*, 260 S.C. 511, 197

Court continued, is the triggering mechanism. When a delay is so extensive that a court considers it presumptively prejudicial, inquiry into the three other factors is necessary. *Barker v. Wingo,* supra at 530, 92 S. Ct. at 2192.

Here the Commonwealth concedes that the length of the pretrial delay—more than three and one-half years—is presumptively prejudicial. It nevertheless contends that appellant has not been denied his right to speedy trial. We cannot agree.

The Commonwealth first argues that the record fails to show that appellant was prejudiced by the three and one-half year pretrial delay. We disagree. *Barker v. Wingo* indicates that the right to speedy trial is intended to protect three interest: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."[7] The effect of pretrial delay on each of these interests must be assessed when a court attempts to determine whether an accused has been prejudiced. Id. at 534, 92 S. Ct. at 2194.

That a pretrial delay of three and one-half years during which the accused is incarcerated is oppressive cannot be denied. Likewise, it would be pure sophistry to argue that this delay did not cause the accused and his family severe anxiety.[8]

---

S.E.2d 280 (1973); *State v. Starnes,* 86 S.D. 636, 200 N.W.2d 244 (1972).

[7] *Barker v. Wingo,* 407 U.S. 514, 532, 92 S. Ct. 2182, 2193 (1972) (footnote omitted); *United States v. Ewell,* 383 U.S. 116, 120, 86 S. Ct. 773, 776 (1966); see *Smith v. Hooey,* 393 U.S. 374, 378, 89 S. Ct. 575, 577 (1969); *Commonwealth v. Jones,* 450 Pa. 442, 449, 299 A.2d 288, 292 (1973).

[8] This Court has recognized the oppressive nature of extended pretrial detention and has attempted to ensure that it will be kept within constitutionally-reasonable bounds. See *Commonwealth v.*

. Furthermore, we conclude that appellant's ability to present his defense was impaired by the excessive pretrial delay. Immediately prior to trial, an eyewitness to the alleged crime stated that while she might have been able to testify earlier, the lapse of three and one-half years since the event had caused her memory to dim so that she could not testify fully at trial. Loss of this witness because of excessive pretrial delay was, in itself, manifestly prejudicial to the defense. But additionally, during the three and one-half year delay another potential defense witness died, see *Commonwealth v. Hamilton*, 449 Pa. 297, 301, 297 A.2d 127, 129 (1972), and two other defense witnesses could not be located due to the passage of time.

We are next urged that despite appellant's assertion of his right, the delay was caused by appellant's court-appointed attorneys. This fact, the Commonwealth argues, precludes a finding of denial of speedy trial.

Although the record substantiates the allegation that the delay was precipitated by appellant's attorneys' scheduling problems, this does not end the inquiry. Counsel was court appointed. See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial § 1.1 (Approved Draft, 1968); ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge § 3.8 (Approved Draft, 1972). The court not only has a duty

---

*Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972); Pa. R. Crim. P. 1100 (adopted June 8, 1973):

"(a) (1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

"(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

to appoint counsel but also the responsibility to exercise its inherent power to control the trial calendar. See Pa. R. Crim. P. 1100.[9]

Moreover, the prosecution not only failed to object to the appointment of an attorney with a substantial backlog, but actively participated in delaying appellant's trial. As part of the "priority program" initiated to expeditiously dispose of the substantial criminal backlog in the Philadelphia courts, a courtroom and assistant district attorneys were assigned to appellant's counsel.[10] The record establishes that subject to the court's ultimate power and duty to control its calendar, scheduling of the cases was left to the parties. According to the testimony of an assistant district attorney assigned to the program: "We wanted to take the easier cases, so we just simply put the homicides aside and we didn't even discuss them . . . ." This prosecutorial conduct resulted in appellant's case not even being considered for more than two years. Certainly this admission precludes a finding that the Commonwealth was not responsible for the procrastination which characterized the scheduling of appellant's trial.

Taking account of all the elements of the *Barker v. Wingo* balancing test—"Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"—we conclude that appellant has been denied his constitutional right to speedy trial. Accordingly the indictment must be dismissed.

The judgment of sentence is reversed and appellant discharged.

---

[9] We cannot accept the Commonwealth's argument that by acquiesing in the appointment of counsel appellant waived his right to assert his speedy trial claim. *Barker v. Wingo*, 407 U.S. 514, 525-26, 92 S. Ct. 2182, 2189-90 (1972); *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938).

[10] See *Moore v. Jamieson*, 451 Pa. 299, 306 A.2d 283 (1973).

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

Mr. Justice EAGEN and Mr. Justice O'BRIEN concur in the result.