# In re X

*John R. Walker, District Attorney*, for Commonwealth.

*John McCrea, III*, for juvenile.

EPPINGER, *P.J.*, July 30, 1976—On April 11, 1975, a juvenile hearing was held on a petition dated February 19, 1975, filed against Child X. It was averred in the petition that X had committed the offense of larceny on or around June 26, 1972. Based on these averments, X moved for dismissal of the hearings on the ground that the statute of limitations for larceny had elapsed prior to the filing of the petition. The court reserved ruling on the motion and continued the case pending a decision on the motion. The case was argued April 1, 1976.

The issue raised by X is whether the statute of limitations for criminal proceedings is applicable to

juvenile proceedings. If the answer is in the affirmative, the relief sought must be granted because the petition clearly shows that the alleged offense occurred in excess of the statutory period in which a criminal complaint in larceny must be brought: Act of April 6, 1939, P.L. 17, sec. 1, 19 P.S. §211.

In disposing of this question the court is aware of the fact that the Juvenile Act does not specifically incorporate the criminal statute of limitations: Act of December 6, 1972, P.L. 1464, sec. 1, 11 P.S. §50-101 et seq. Moreover, the parties have not cited, nor has our research revealed, any Pennsylvania case decisive on this issue. A survey of decisions in other jurisdictions is likewise of no assistance. Only California, by implication, assumes that the limitations would be applicable in juvenile court by providing that the filing of a juvenile petition averring criminal conduct suspends the running of the statute of limitations: West's California Welfare and Institutions Code §605 (1972).

As this issue is one of first impression in Pennsylvania, the court must resolve this question from the guidance of the legislative intent embodied in the Juvenile Act and the nature of the juvenile proceedings in general.

The juvenile maintains that the legislature has manifested its intent to extend the statute of limitations to juvenile proceedings through the definitional structure of the act. The juvenile notes that the court's jurisdiction rests upon ". . . proceedings in which a child is alleged to be delinquent or dependent." 11 P.S. §50-103(1). A delinquent act is defined as "an act designated a crime under the law

of this State. . ." 11 P.S. §50-102(2). For the sake of argument, the juvenile assumes there are no delinquent acts which are not crimes. From this assumption, he argues that there can be no crime when the power to impose punishment for its commission has disappeared. Since the statute of limitations has run, the Commonwealth is precluded from enforcing the alleged crime and, in effect, removes the act from criminal designation. There can be no crime without punishment. There being no criminal act, the child cannot be delinquent, and the court loses its jurisdiction. In sum, the juvenile would have the court rule that the Juvenile Act, by definition, reflects a legislative intent to apply legal principles to adult and juvenile proceedings equally.

This argument is without substance. The mistake is in supposing that the juvenile proceedings are to be conducted in a manner similar to that of criminal proceedings. An acceptance of this position would effectively change the status of a juvenile to that of an accused criminal. Absent statutory provisions to that effect, the courts in Pennsylvania have consistently viewed juvenile proceedings differently from criminal proceedings.

"The proceedings in such a court [juvenile] are not in the nature of a criminal trial but constitute merely a civil inquiry or action looking to the treatment, reformation and rehabilitation of the minor child. Their purpose is not penal but protective— aimed to check juvenile delinquency and to throw around a child, just starting, perhaps, on an evil course and deprived of proper parental care, the

strong arm of the State acting as parens patriae." Holmes' Appeal, 379 Pa. 599, 603, 109 A. 2d 523 (1954).

Juvenile courts are geared to protection, not punishment, and as such the juvenile proceeding has been described in terms of a civil proceeding. Accordingly, it has been held that many of the constitutional rights afforded adults are not available or necessary in juvenile proceedings: Com. v. Henig, 200 Pa. Superior Ct. 614, 189 A. 2d 894 (1963). The applicability of similar standards to both must rest on a finding that that is required in order to assure fundamental fairness in proceedings as determined by due process of the Fourteenth Amendment.

This requirement found expression in the landmark decision of the Supreme Court in the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.E. 2d 527 (1967), which extended to juveniles many of the constitutional rights guaranteed to adults in criminal proceedings. Specifically, the court found that a juvenile must receive notice of the charges, right to counsel, right of confrontation and cross-examination and protection against self-incrimination. The Pennsylvania Supreme Court added the right to have transcripts of the hearing, the right to appellate review, and the right to be declared a delinquent only upon evidence beyond a reasonable doubt: Terry Appeal, 438 Pa. 339, 265 A. 2d 350 (1970).

In these decisions it is important to note that the courts in extending these procedural safeguards to juveniles expressly maintained that distinction between adult and juvenile proceedings do continue to exist. The court in Com. v. Johnson, 211 Pa.

Superior Ct. 62, 234 A. 2d 9 (1967), in construing the Gault decision stated "[t]he [Supreme] Court . . . hastens to point out that no inference should be drawn from its opinion that juveniles must be treated exactly as are adults in criminal proceedings." 211 Pa. Superior Ct. at 73. The Johnson court concluded that "[t]he Supreme Court, in our view, recognized that there are essential differences between the trial of adults and juveniles." at 75.

From these statements, the court must refrain from accepting a position which would place a juvenile procedure on a criminal plane. "A proceeding to have a child adjudicated a delinquent is not a criminal case, but is rather a procedure intended to save the child who violates the law, i.e., to save him from the ordeal of criminal trial and to provide for his treatment under court supervision." Com. v. Tillman, 46 D. & C. 2d 290, 292, (1966).

A further factor militating against the juvenile's position is that limitations expressed in the statute: Act of March 31, 1860, P.L. 427, as amended, 19 P.S. §211 are not a matter of right but of legislative grace: Com. v. Howard, 210 Pa. Superior Ct. 284, 232 A. 2d 207 (1967). The Gault case dealt with constitutional rights which are applicable to juvenile proceedings and is limited so as not to apply to the pre-judicial stages of juvenile proceedings—the area which is the focus of this case. Since the question of limitation of actions is within the prerogative of the legislature, its silence on the matter must be interpreted as an indication that it was inapplicable in juvenile proceedings. Had the legislature desired to extend the statute of limitations to such action it would have been a simple matter to have so indicated its intent.

Therefore, the court is reluctant to write into the act a provision dealing with legislative grace when the legislature has failed to do so itself.

On the basis of the nature of the juvenile proceedings and the absence of any language in the Juvenile Act incorporating the statute of limitations, the court must deny the motion for dismissal premised on its applicability to the present case.

The court, however, is not unsympathetic with the plight of the juvenile having to defend himself after a period of greater than two and one-half years from the date of the alleged conduct to the filing of the petition. It has been previously noted that the Gault decision was not directly concerned with the procedure or constitutional rights applicable to the pre-judicial stages of the juvenile process. However, the Johnson court held that the Gault case recognized that juvenile courts must act within the constitutional guarantees of due process: 211 Pa. Superior Ct. at 78. This court sitting in the criminal division has recently stated that the statute of limitations is not the sole standard by which delay between the offense and petition is to be measured. We held, in Com. v. Mathis, (No. 522 of 1975), that pre-accusatorial delay which resulted in substantial prejudice to defendant's case constituted a denial of due process. It was pointed out that Ross v. United States, 349 F. 2d 210 (D.C. 1965), and subsequent cases "show that in order for such prejudice to exist the court must find (1) that under the circumstances the delay was unreasonable, and (2) that because of such delay the defendant's case was prejudiced." We further stated: "It is axiomatic that lapse of time standing alone, is not an unreasonable delay justifying dismissal of the prosecu-

tion. However, delay, coupled with a showing that it was resorted to as an improper prosecutorial tactic or that it prejudiced the defendant in the preparation of his case may create a situation calling for the entry of a decree of dismissal. Commonwealth ex. rel. DeMoss v. Cavell, 423 Pa. 597, 225 A. 2d 673 (1967)."

In the present case, the juvenile has merely argued that an excess of two and one-half years has passed from the time of offense to filing of petition. Though we have found that the statute of limitations in criminal proceedings does not apply to juvenile proceedings per se, the time period afforded by the legislature is relevant in determining what is undue delay.

Assuming for argument that the lapse of time was unreasonable, it is still incumbent upon defendant to show the delay was prejudicial. The Pennsylvania Supreme Court in Com. v. Williams, 457 Pa. 502, 327 A. 2d 15 (1974), states that the indications of prejudice are: (i) to prevent oppressive pre-trial incarcerations, (ii) to minimize anxiety and concern of the accused, and (iii) to limit the possibility that the defense will be impaired. The juvenile has presented no evidence that the delay has prejudiced his case.

Although we deny the motion for dismissal in its present form, this dismissal should not be interpreted to prejudice a second motion for dismissal containing supplementation with respect to the effect of the delay in causing prejudice to juvenile's ability to meet the allegations of the petition.

## ORDER

And now, July 30, 1976, the motion to dismiss the

proceedings on the ground that the statute of limitations for larceny had elapsed prior to the filing of the juvenile petition is denied without prejudice to the right of the juvenile to file a supplemental petition with respect to the effect of the delay in causing prejudice to the juvenile's ability to meet the allegations of the petition.