389 A.2d 68

**COMMONWEALTH of Pennsylvania**

v.

**Robert BAINES, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued April 18, 1977.

Decided July 14, 1978.

28

Cohen & Fitzpatrick, William A. Fitzpatrick, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Eric Henson, Asst. Dist. Attys., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Appellant Robert Baines was convicted following a jury trial of murder in the first degree and several lesser offenses in connection with the shooting death of Edward Perry in Philadelphia on January 4, 1971.[1] Post-verdict motions were filed and denied, and this direct appeal ensued.[2] Baines' principal contentions[3] are that he was denied

1. Since Perry's death occurred prior to July 1, 1973, the murder prosecution was conducted under Section 701 of the Act of June 24, 1939, P.L. 872, *as amended*, 18 P.S. § 4701 (1963). Appellant was also convicted of two counts of aggravated robbery and one count each of criminal attempt with intent to kill, conspiracy, and a weapons charge.

2. Section 202(1) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, 17 P.S. § 211.202(1)(Supp.1978), vests jurisdiction over the appeal from the murder conviction in this Court. Appeals from the remaining convictions, except that for conspiracy which was not appealed, were transferred to this Court by the Superior Court.

3. Appellant also argues that the Commonwealth's identification testimony was insufficient to support the jury's verdict. We have re-

his right to a speedy trial and that he was improperly denied the assistance of counsel of his choice. Because we conclude that the first issue has been waived and that the second is without merit, we affirm the judgment of sentence.

### I.

The parties agree that the speedy trial claim in this case is governed by the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and not by Pa.R.Crim.P. 1100, since this prosecution was begun before June 30, 1973, the effective date of that Rule.[4] We do not reach the merits of this claim, however, because it was not raised in a timely fashion in the court below.

Like any other claim, a speedy trial claim may be waived if not properly and timely asserted in the lower court. *E. g., Commonwealth v. Roundtree*, 458 Pa. 351, 354, 326 A.2d 285 (1974). In Pennsylvania, a motion to quash the indictment or a similar pre-trial application for relief[5] is the proper procedure for raising the issue. Under Pa.R.Crim.P.

viewed the record and find this argument to be without merit. In addition, we have examined the record in accordance with our statutory obligation, Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964), and conclude that the evidence was sufficient to warrant the jury's verdict of guilty of murder in the first degree.

Appellant has also filed a *pro se* brief, which we have considered. In that brief, he argues the matters raised by counsel which are discussed in this opinion, and several other issues which we do not reach because they were not raised in the court below on post-trial motions. See, *e. g., Commonwealth v. Santiago*, 476 Pa. 340, 382 A.2d 1200 (1978); *Commonwealth v. Carr*, 471 Pa. 86, 369 A.2d 1207 (1977).

4. The record discloses that this case was not brought to trial for some three years and nine months after appellant was apprehended, although the case was first listed for trial some eight months after that event.

5. In *Commonwealth ex rel. Smith v. Patterson*, 409 Pa. 500, 503–04, 187 A.2d 278 (1963), this Court held that a pre-trial motion to nolle pros. an indictment, while not technically proper, was sufficient to preclude a waiver of a speedy trial claim. See also *Commonwealth v. Williams*, 457 Pa. 502, 327 A.2d 15 (1974) (motion to dismiss indictment); Pa.R.Crim.P. 304 (revised and replaced effective January 1, 1978, by Pa.R.Crim.P. 306), Comment.

305, as applicable at the time of trial, all pre-trial applications must be made at least ten days before trial "unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application."[6]

In this case, a jury panel was called and appellant was formally arraigned on November 12, 1974. Individual voir dire examination commenced the next day and continued until November 19. The jury as finally selected was sworn on November 20. The motion to quash the indictment on speedy trial grounds was filed on November 18, five days after jury selection had begun. On this record it is clear that no matter when trial is deemed to have commenced in this case, compare *Commonwealth v. Lamonna*, 473 Pa. 248, 254–56, 373 A.2d 1355 (1977); *Commonwealth v. Perkins*, 473 Pa. 116, 137–39, 373 A.2d 1076 (1977) (plurality opinion), the motion to quash the indictment was untimely under Rule 305. It is not contended that opportunity for the motion did not previously exist, or that the grounds for the motion were unknown; nor could the record support such a contention. This issue is therefore waived. *Commonwealth v. Brown*, 462 Pa. 578, 585–87, 432 A.2d 84 (1975).

## II.

Appellant also contends that he was improperly deprived of his right to the assistance of counsel of his choice when his retained counsel was removed from the case by the trial court. In *Moore v. Jamieson*, 451 Pa. 299, 306 A.2d 283 (1973), we recognized that the right to counsel of one's choice is not absolute,[7] and that the Commonwealth's interest in fulfilling its obligation to provide a speedy trial for

6. Effective January 1, 1978, Rule 305 was rescinded and replaced by Pa.R.Crim.P. 307, which sets forth different time limitations.

7. 451 Pa. at 308–09, 306 A.2d 283. *Accord, Commonwealth v. Robinson*, 468 Pa. 575, 592–93, 364 A.2d 665, 674 (1976). Thus we cannot accept the apparent contention in appellant's *pro se* brief that his counsel could not be removed under any circumstances.

the benefit of both the defendant and the public was "fundamental and compelling." 451 Pa. at 299, 306 A.2d 283. We further held that "a reasonable restraint over the number of cases any one attorney may have at a given time," *id.*, was the only effective means available to effectuate this interest, and that it was not arbitrary for a court to prohibit further entries of appearance by a lawyer until his number of untried cases over one year old was reduced to less than ten. *Id.* 451 Pa. at 314–15, 306 A.2d 283. As restated in *Commonwealth v. Robinson*, 468 Pa. 575, 592–93, 364 A.2d 665, 674 (1976), a defendant "clearly cannot be permitted to utilize his right to choose his own counsel so as *unreasonably* to clog the machinery of justice and hamper and delay the state in its efforts to do justice with regard both to him and to others whose rights to a speedy trial may thereby be affected." (Citations omitted.)

■ There is no doubt that the removal of counsel who has been retained is a more intrusive action than the prohibition on further entries of appearance in *Moore v. Jamieson, supra.* Unlike *Moore,* however, there is here no attack on the court's power to remove counsel;[8] rather, it is asserted that the court acted without an adequate basis in the record. We disagree.

On September 14, 1973, a hearing was held before then President Judge Jamieson, at which appellant's original counsel appeared. It was shown at that hearing that counsel had at that time entered his appearance in a total of 110 criminal cases in the Court of Common Pleas of Philadelphia County which had not been tried within six months of the initiation of prosecution.[9] Twenty-seven of these were homicide cases, eight of which were as old as, or older than,

8. Indeed, in connection with his speedy trial claim, appellant has contended that the court had a duty to remove his original counsel sooner than it did. Brief for Appellant at 12.

9. No computation was made of civil cases, cases in the Municipal Court of Philadelphia, or cases in other counties.

the instant case. On March 13, 1974, another hearing was held before Judge Anderson concerning eleven of counsel's homicide cases in which the defendants had been indicted in 1971 and no trial had been held. At this hearing, appellant was represented by other counsel, who also appeared on behalf of appellant's retained counsel. It was shown that despite a special program set up in the preceding year and which continued for four months, only two of counsel's homicide cases had been disposed of.[10] At the time of the March 13 hearing, counsel was engaged in a trial in another county and gave the court no indication of when, if ever, he would be available to try appellant's case, which was listed for trial on March 18, 1974. Because of the imminence of trial, Judge Anderson reserved decision on the removal of counsel.

On March 18, appellant appeared for trial before Judge Bruno. Baines' lawyer had been notified in February of the trial date, but did not appear, did not ask for a continuance and again gave no indication of when he would be available. Appellant stated that he had not heard from his attorney for some four months. Judge Anderson, incorporating by reference the prior proceedings noted above, thereupon removed counsel from the case and appointed a new lawyer for Baines. As of this time, three years and one month had elapsed since appellant's arrest.

The record compiled by the court below demonstrated both the inability of appellant's counsel to bring the case to trial and his failure to apprise the court of his availability to do .so. Faced with such a situation, the court was not required to wait longer or inquire further. Its action was

10. This program was concerned exclusively with homicide cases, and there is no evidence suggesting that the court allowed the parties to bypass cases such as appellant's in order to resolve easier cases first. See *Commonwealth v. Williams*, 457 Pa. 502, 509, 327 A.2d 15 (1974). Instead, testimony adduced at the hearing showed that the cases reached in the program were older than appellant's, save for one case involving one of appellant's co-defendants which appellant's counsel chose to try first.

fully justified by the record as it stood and will not be disturbed.[11]

Judgment of sentence affirmed.

MANDERINO, J., filed a dissenting opinion in which NIX, J., joins.

MANDERINO, Justice.

I dissent. Although the criminal justice system was in no hurry to try appellant, it took away his right to counsel of his own choice and then took eight additional months to try appellant. There is no adequate basis in the record for depriving appellant of private counsel of his choice.

NIX, J., joins in this dissenting opinion.

11. It is true that the case was not tried for another eight months. The record shows, however, that this delay was occasioned by the appointment of appellant's new counsel to the bench and by several continuances requested by counsel subsequently appointed.