748 A.2d 670

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Sean Patrick McALEER, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1999.

Decided March 24, 2000.

J. Scott O'Keefe, Philadelphia, for Sean Patrick McAleer.

Marian R. Ragusa, Asst. Dist. Atty., Stephen B. Harris, Chief of Appeals, Alan M. Rubenstein, Dist. Atty., for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

**OPINION**

NIGRO, Justice.

In this appeal, Appellant Sean Patrick McAleer argues that the calendar court judge[1] abused his discretion when he denied Appellant's request for a continuance. We agree and therefore reverse.

In October of 1996, the Commonwealth charged Appellant with simple assault, false imprisonment and related charges.[2] The district magistrate in Fallsington, Pennsylvania, scheduled a preliminary hearing for March 18, 1997, at which time Richard Hoy, Esquire, represented Appellant.[3] At the conclusion of that hearing, Appellant was bound over for trial in the Court of Common Pleas of Bucks County and informed that his arraignment would take place on April 18, 1997. At the arraignment hearing on April 18th, Mr. Hoy entered his appearance by facsimile. Thereafter, the case was scheduled for trial on April 21, 1997.

On April 21st, the District Attorney's office informed the calendar court judge that it had communicated with Mr. Hoy that morning and learned that he was attached for trial in Philadelphia County. The calendar judge continued the case until the following day. This scenario was essentially repeated on April 22nd. On April 23rd, the District Attorney's office informed the court that it had again communicated with Mr. Hoy and learned that although Mr. Hoy was still attached for trial in Philadelphia, his "associate," Gary Feldman, Esquire would be arriving to represent Appellant.[4] Upon hear-

1. A calendar court judge calls and assigns the list of cases scheduled to commence trial for that day. A calendar court judge also has the power to grant pre-trial continuances.

2. These charges stemmed from an incident involving Appellant and his ex-girlfriend, Heidi Schwarz. Because the specific facts giving rise to these charges are irrelevant for purposes of this appeal, they need not be recast here.

3. The preliminary hearing was originally scheduled for November 21, 1996, but at Mr. Hoy's request, it was continued until January 29, 1997. The January 29th hearing was again continued at Mr. Hoy's request and rescheduled for March 18, 1997.

4. Since the trial to which Mr. Hoy was attached ended on April 22, 1997, it appears that in actuality, Mr. Hoy had no conflict on April 23, 1997.

ing this information, the calendar court judge stated: "We'll be ready for trial as soon as Mr. Feldman graces us with his presence." Cl.Ct. N.T., 4/23/97, at 2.

At approximately 2:00 p.m., Mr. Feldman arrived at court and was given twenty-four pages of discoverable material. Mr. Feldman was not employed by Mr. Hoy or his firm, was not professionally associated with Mr. Hoy and was entirely unfamiliar with Appellant's case.[5] Upon Mr. Feldman's entry into the courtroom, the following discussion took place:

MR. FELDMAN: ... Good afternoon, Your Honor.

THE COURT: Are you prepared to go?

MR. FELDMAN: To be honest with you, Your Honor, no, I'm not prepared to go. I just received this discovery about an hour ago. I do not know anything about this case beyond what I have found out within this hour. Mr. Hoy is the one who had been handling this case and was going to enter an appearance. He, I understand, is attached in trial in Philadelphia and can not make it. I came here basically on an emergency basis to request a continuance because, A, we just got the notes of testimony Friday. I don't have them myself. I've never seen them. I've just received this discovery and I really can not at this point make an adequate defense on Mr. McAleer's behalf. I don't think I can represent him properly today. . . .

THE COURT: Continuance is denied. Are you ready for trial?

MR. FELDMAN: Your Honor, I can not properly defend this man.

THE COURT: Are you ready for trial?

MR. FELDMAN: I can not—

THE COURT: This case was listed on Monday. We carried it from Monday to Tuesday, Tuesday to Wednesday,

5. It is not clear from the record what the precise relationship between Mr. Feldman and Mr. Hoy was at this time. It appears, however, that Mr. Feldman may have become involved with this case because, as he indicated to the trial judge during the sentencing phase, he was a business acquaintance and friend of Appellant's and thought it appropriate to offer his assistance. N.T., 6/16/97, at 17–18.

and Wednesday we carried it from 9 o'clock in the morning until 2 o'clock in the afternoon. This case began in November of 1996, at which time charges were lodged against your client. That's more than adequate time to prepare for trial.

MR. FELDMAN: If I could just respond to that. I know you probably have your mind made up, Your Honor, but if I could just respond to that, please. From what I understand, Mr. McAleer was told—he basically came out of work; from what he understood, there was a continuance. Mr. Hoy's office had assumed or had gotten a continuance, I'm not sure. I'm not from Mr. Hoy's office. But Mr. McAleer kept coming here. There seemed to be a lot of confusion about this case, from what I was told.

THE COURT: There was never any confusion about this case, never any continuance.

MR. FELDMAN: Could I bring Mr. McAleer up here to explain what the circumstances are?

THE COURT: There [i]s going to be no continuance. We've waited two days to try this case. The witnesses are here and they are prepared. Are you ready for trial?

MR. FELDMAN: I don't have a choice, Your Honor.

THE COURT: The case is assigned to courtroom number 3 for trial.

Cldr. Ct. N.T., 4/23/97, at 3–5. Within minutes of this discussion, a bench trial commenced. Before the trial judge, Mr. Feldman again attempted to secure a continuance. The trial judge, however, explained that he had no power to reverse the calendar court, stating that, "I'm stuck with it and so are you." Tr. Ct. N.T., 4/23/97, at 3.

On that same day, the trial court found Appellant guilty of simple assault, false imprisonment, terroristic threats and theft by unlawful taking. Appellant's judgment of sentence was imposed on June 16, 1997. The trial court denied Appellant's post-trial motions and on appeal, the Superior Court affirmed Appellant's judgment of sentence. We granted allocatur to determine whether the calendar court judge abused

his discretion in refusing to grant Mr. Feldman's request for a continuance.

The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. *Commonwealth v. Ross*, 465 Pa. 421, 422 n. 2, 350 A.2d 836, 837 n. 2 (1976). As we have consistently stated, an abuse of discretion is not merely an error of judgment. *Mielcuszny v. Rosol*, 317 Pa. 91, 93–94, 176 A. 236, 237 (1934). Rather, discretion is abused when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record . . . ." *Commonwealth v. Chambers*, 546 Pa. 370, 387, 685 A.2d 96, 104 (1996) (quoting *Mielcuszny*, 317 Pa. at 93–94, 176 A. at 236).

Rule 301 of the Pennsylvania Rules of Criminal Procedure, which governs the granting of continuances, provides in pertinent part:

(a) The court may, in the interests of justice, grant a continuance, of its own motion, or on the motion of either party. . . .

(b) A motion for continuance on behalf of the defendant shall be made not later than forty-eight hours before the time set for the trial. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa. R.Crim. P. 301. Here, the parties do not dispute that Mr. Feldman's April 23, 1997 request for a continuance was not made forty-eight hours before the time set for trial. The specific inquiry before us, then, is whether the calendar judge abused his discretion in finding that the interests of justice did not warrant granting Mr. Feldman's request for a continuance.[6]

6. There is no argument that Appellant did not previously have the opportunity to file a motion or was not aware of the grounds for the motion. *See* Pa. R.Crim. P. 301(b).

Appellant argues that by denying his request for a continuance, the calendar court judge deprived him of the right to private counsel of his own choice, and thus failed to advance the interests of justice. We agree.

█ The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution.[7] In addition to guaranteeing representation for the indigent, these constitutional rights entitle an accused "to choose at his own cost and expense any lawyer he may desire." *Commonwealth v. Novak*, 395 Pa. 199, 213, 150 A.2d 102, 109, *cert. denied*, 361 U.S. 882, 80 S.Ct. 152, 4 L.Ed.2d 118 (1959). The right to "counsel of one's own choosing is particularly significant because an individual facing criminal sanctions should have great confidence in his attorney." *Moore v. Jamieson*, 451 Pa. 299, 307–08, 306 A.2d 283, 288 (1973).

█ We have held, however, that the constitutional right to counsel of one's own choice is not absolute. *Commonwealth v. Robinson*, 468 Pa. 575, 592–93 & n. 13, 364 A.2d 665, 674 & n. 13 (1976). Rather, "the right of the accused to choose his own counsel, as well as the lawyer's right to choose his clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *Id.* at 592, 364 A.2d at 674 (internal quotations omitted). Thus, this Court has explained that while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably "clog the machinery of justice" or hamper and delay the state's efforts to effectively administer justice. *Commonwealth v. Baines*, 480 Pa. 26, 30, 389 A.2d 68, 70 (1978). At the same time, however, we have explained that " 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render

7. The Sixth Amendment to the Federal Constitution states: "In all criminal prosecutions, the accused shall enjoy ... the Assistance of Counsel for his defence." *U.S. Const.* amend. VI. Article I, Section 9 of the Pennsylvania Constitution states: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel...." Pa. Const. Art. I, § 9.

the right to defend with counsel an empty formality.'" *Robinson*, 468 Pa. at 593–94, 364 A.2d at 675 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)).

In *Robinson*, the defendant's chosen counsel failed to contact the defendant after representing him at a preliminary hearing. Concerned that defendant's counsel had not yet entered his appearance more than three months after the preliminary hearing, the trial court suggested that the defendant interview with the public defender's office. After the defendant refused to cooperate with the public defender, the court appointed an experienced trial lawyer to defendant's case, but stated that it would allow defendant's chosen counsel to try the case should he be prepared and available to do so. On the day that trial was scheduled to begin, approximately three months later, defendant's chosen counsel sent a letter to the trial court requesting a continuance. Although defendant's court-appointed counsel objected to the motion and indicated that he was prepared to go to trial, the trial court granted the motion and continued trial for another two and one-half months. When the postponed trial date arrived, defendant's chosen counsel was again absent. Only after the court administrator failed to receive an answer from defendant's chosen counsel's office on two consecutive days, and upon requests from both the District Attorney and the court-appointed lawyer to proceed without further delay, did the trial court proceed with the trial.

On appeal, this Court upheld the trial court's decision to proceed without the defendant's chosen counsel, reasoning that a defendant cannot unreasonably hamper and delay the state's efforts to do justice. *Robinson*, 468 Pa. at 592–94, 364 A.2d at 674–75. We also noted that the record in that case "clearly establish[ed] that the trial court gave [the defendant] a fair and reasonable opportunity to obtain particular counsel and did not arbitrarily prohibit the effective use of such counsel." *Id.* at 595, 364 A.2d at 675 (internal quotations and parentheses omitted). *See also Commonwealth v. Baines*, 480 Pa. 26, 389 A.2d 68 (1978) (trial court did not abuse its

discretion in removing defendant's chosen counsel when that counsel did not contact court in connection with defendant's case and had not contacted defendant for approximately four months).

In the same year as *Robinson,* we decided *Commonwealth v. Ross,* 465 Pa. 421, 350 A.2d 836 (1976), where we found that the trial court had abused its discretion in denying a continuance to the defendant's counsel of choice. In *Ross,* the defendant's private counsel, who was retained on the day that trial was scheduled to begin, requested a continuance on the basis that he needed more time to adequately prepare a defense. The trial court denied the continuance and assigned the case to a voluntary defender, who also requested a continuance since he was entirely unfamiliar with the case and unprepared for trial. The trial court denied the voluntary defender's request for a continuance and began jury selection, but postponed the actual trial until the following morning. At that time, the voluntary defender again objected to being forced to represent the defendant and the defendant himself indicated that he did not want to be represented by the voluntary defender. The court nonetheless proceeded to trial, telling the defendant that he could represent himself and compelling the voluntary defender to sit at the counsel's table and offer assistance to the defendant when necessary.

On appeal, we reversed the trial court's denial of the motion for a continuance, concluding that "the interests of justice," as that phrase is used in Pa. R.Crim. P. 301(b), "required the grant of a continuance." *Ross,* 465 Pa. at 427, 350 A.2d at 839; *see* Pa. R.Crim. P. 301(b) (trial court shall grant motion for continuance when "interests of justice require it"). We found that the trial court abused its discretion by denying the continuance because there was no evidence that the defendant's request for a postponement was made for the purpose of unreasonably delaying his trial. *Ross,* 465 Pa. at 427, 350 A.2d at 839. Rather, the request was made only because defendant's attorney had been given no time to prepare for trial. We noted that forcing a case to trial under these circumstances did not advance the state's interest in efficient

administration because such a practice would only give rise to "unnecessary appeals to this Court and unnecessary proceedings in the trial court." *Id.*, 350 A.2d at 840.

More recently, in *Commonwealth v. Powell*, we held that a trial court acted in the interests of justice when it granted a new trial to a defendant who was forced to proceed to trial with an attorney not of his choice. *Powell*, 527 Pa. 288, 298, 590 A.2d 1240, 1245 (1991). In *Powell*, the defendant was represented by a public defender who fell ill on the day of trial. A substitute public defender made an appearance for the purposes of requesting a continuance, but the trial court forced the unprepared substitute counsel to try the case that same day. After the defendant was found guilty, the trial court determined that it was in the interests of justice to grant the defendant's motion for a new trial.

We found that a new trial was, indeed, in the interests of justice since the defendant had been "forced to rely on recently substituted counsel, who admitted he was unfamiliar with the case, [thereby compromising the defendant's] basic right to receive adequate representation and to have his choice of counsel in whom he had confidence." *Id.* at 296, 590 A.2d at 1244. While we recognized that defendants do not have an absolute right to counsel of their choice, we noted that the state's need for efficient administration does not mean that trial courts can treat defendants' chosen attorneys as "fungible commodities" that may be substituted at will. *See id.* at 297 n. 6, n. 7, 590 A.2d at 1244 n. 6, n. 7.[8]

8. We realize that the procedural posture of *Powell* is somewhat different from that of the case at bar. In *Powell*, the defendant's new attorney filed post-trial motions raising claims of ineffectiveness and the trial court, on its own motion, considered the issue of whether a new trial should be granted "in the interests of justice." *Powell*, 527 Pa. at 292 n. 4, 590 A.2d at 1242 n 4. By contrast, in the instant case, Appellant has raised the issue of whether the calendar court, prior to the commencement of trial, abused its discretion in finding that the interests of justice did not warrant the granting of a request for a continuance. We do not believe, however, that the different procedural posture of *Powell* makes that case any less persuasive for purposes of determining when a court abuses its discretion in denying a request for a continuance, thereby compelling a defendant to proceed to trial with an unprepared attorney who is not the defendant's counsel of choice.

On balance, we find the case at bar to be more analogous to the cases where the defendant's right to choose his own counsel outweighs the state's need for efficient administration. This is not a case like *Robinson* or *Baines*, where substitute attorneys were appointed and then given a reasonable amount of time to prepare a defense. Rather, this case is similar to *Ross* and *Powell*, where the trial court unreasonably substituted the defendants' chosen attorneys with appointed counsel who were unfamiliar with the facts of the cases and immediately required them to proceed to trial, even though they expressly stated that they were unprepared to do so.

Here, although Mr. Feldman informed the calendar court that Appellant's chosen counsel would not be present, and that he was completely unfamiliar with Appellant's case, the court nonetheless refused to give Mr. Feldman a reasonable amount of time to prepare for trial as substitute counsel. While we recognize that the state clearly had an interest in proceeding to trial without further delay, it is equally clear that, at a minimum, Appellant had an interest in being defended by an attorney who was familiar with his case and prepared for trial. As we found in *Powell*, the interests of justice are simply not served when a defendant, such as Appellant, is "forced to rely on recently substituted counsel, who admitted he was unfamiliar with the case." *Powell*, 527 Pa. at 296, 590 A.2d at 1244. Such a practice compromises a defendant's basic right to receive "adequate representation and to have his choice of counsel in whom he ha[s] confidence." *Id.*

The Commonwealth, however, urges us to find that the state's interest in efficient administration was unreasonably subverted in this case. Specifically, the Commonwealth argues that it was unreasonable for the court to continue postponing this case for the sake of Appellant's desire to be represented by Mr. Hoy, when Mr. Hoy had already gotten two continuances before the district magistrate and two other continuances before the calendar court, had not informed the calendar court of his conflict prior to the day when Appellant's trial was scheduled to begin and had no discernible conflict on

April 23, 1997, the day that the calendar court forced Appellant's case to trial.

 While we do not in any way condone Mr. Hoy's actions, we cannot agree with the Commonwealth's argument. The dilatory behavior of Mr. Hoy simply does not justify the calendar court's action of replacing Appellant's attorney of choice with an unprepared substitute and then compelling that appointed substitute to immediately try a case that, in his own words, he "d[id] not know anything about." Cldr. Ct. N.T., 4/23/97, at 3. Moreover, we are not persuaded that the state's interest in efficient administration is ultimately served when a defendant is compelled to proceed to trial in violation of his constitutional rights. See Ross, 465 Pa. at 427, 350 A.2d at 840 (procedures that violate defendant's constitutional rights are ultimately inefficient because they "give[ ] rise only to unnecessary appeals to this Court and unnecessary proceedings in the trial court").[9]

 Thus, under the circumstances of this case, we find that Appellant's right to counsel was violated and therefore, that the calendar court judge failed to act in the interests of justice when he denied Mr. Feldman's request for a continuance.[10] Accordingly, we reverse the order of the Superior Court, vacate Appellant's judgment of sentence and remand for a new trial. Jurisdiction relinquished.

9. The Commonwealth also contends that Appellant is not entitled to relief because he was not prejudiced by the court's denial of Mr. Feldman's request for a continuance. We find the Commonwealth's argument in this regard to be specious in light of the fact that by denying the continuance, the court forced Appellant to proceed to trial with a last-minute substitute attorney, not of his choice, who was given absolutely no time to prepare the case.

10. In addition to his right to counsel argument, Appellant advances several other arguments in support of his position that the calendar court judge abused his discretion when he denied Mr. Feldman's request for a continuance and instead compelled him to immediately try this case. Because we have already determined that Appellant is entitled to relief under his right to counsel argument, we need not address Appellant's other arguments. Likewise, given our disposition of the case, we need not address Appellant's claim that Mr. Feldman rendered ineffective assistance.