J-S49038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL VAZQUEZ-VEGA | : | |
| | : | |
| Appellant | : | No. 274 MDA 2018 |

Appeal from the Judgment of Sentence May 3, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-SA-0000068-2017

BEFORE:  SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 11, 2018**

Appellant, Joel Vazquez-Vega, appeals from the judgment of sentence entered in the Court of Common Pleas of Lebanon County following Appellant's conviction on the charges of driving while operating privileges are suspended or revoked, 75 Pa.C.S.A. § 1543(a), and operating or permitting another to operate a vehicle with unsafe equipment, 75 Pa.C.S.A. § 4107(b)(2).[1]  After a careful review, we affirm.

_____

[1] We recognize that Appellant filed his appeal prematurely, before the trial court's entry of a judgment of sentence as to the summary offense of operating or permitting another to operate a vehicle with unsafe equipment under 75 Pa.C.S.A. § 4107(b)(2).  However, as the trial court imposed a sentence of "no further penalty" on May 3, 2018, and Appellant, who filed his counseled appellate brief on June 18, 2018, has averred no prejudice, we decline to quash the appeal.  ***See generally*** Pa.R.A.P. 905(a)(5).  We have corrected the appeal statement in the caption.

_____

\* Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: Appellant was issued a citation for driving while operating privilege is suspended or revoked, as well as operating or permitting another to operate a vehicle with unsafe equipment. A trial was held before Magistrate Judge Maria M. Dissinger, and after the magistrate found Appellant guilty, she sentenced him to sixty (60) days in prison and imposed a fine of $1,000 plus the costs of prosecution.

Appellant appealed to the trial court, and a trial was scheduled for December 20, 2017. On that date, Appellant appeared with his counsel; however, the trial court continued the trial. Specifically, on December 20, 2017, the trial court indicated: "There is a legal issue concerning a proper docket entry and whether or not certain things were recorded. It's going to take some time to determine the proper status of that. I'm going to continue this matter to January 31, 2018[.]" N.T., 12/20/17, at 2.

On January 31, 2018, at the beginning of the trial, Appellant's counsel requested a continuance. Specifically, the relevant exchange occurred:

> [APPELLANT'S COUNSEL]: The defense is respectfully requesting a continuance. The Commonwealth had previously continued this because there had been a question of what the actual citation had been for. It had been docketed under the UJS docket that is not a 1543(a).
>
> The Commonwealth requested a continuance the last time we were here to provide that information to defense counsel. Unfortunately, that information wasn't provided until last week.
>
> THE COURT: That is not right. Wait a minute. I'm reading the citation. What does it say? 1543, 6503(a). Then I read, by the way, [Appellant] has had 10 prior 1543(a)s?
>
> [ADA]: That's correct, Your Honor. This would be the 11th.

THE COURT: Holy moly.

[APPELLANT'S COUNSEL]: UJS has it as a citation under 4107(b)(2) on this docket. The reason it was continued the last time is the Commonwealth was to be able to provide the citation saying it was a 1543(a).

Again, I just received that last week.

THE COURT: That is enough time. You could have—are you ready to proceed?

[ADA]: I am, Your Honor, yes.

THE COURT: We're not going to continue this.

N.T. 1/31/18, at 3-4.

The Commonwealth then presented the testimony of Lebanon City Police Officer Derek Underkoffler, who testified that he was on duty and monitoring traffic on the 400 block of North Ninth Street on July 28, 2017, when he "observed [Appellant] drive past [him] perpendicularly with his windows down[.]" *Id.* at 5. Officer Underkoffler testified that he recognized Appellant from "previous contacts." *Id.* The officer followed the vehicle and ran Appellant's driver's license history and record through the Pennsylvania Department of Transportation ("PennDOT"). *Id.* The information provided from PennDOT revealed that Appellant's driver's license was suspended, and in fact, he had ten prior convictions for driving while his license was suspended or revoked. *Id.* at 6. Thus, after Officer Underkoffler stopped Appellant's vehicle, he cited Appellant with violating Section 1543(a).

Officer Underkoffler testified that he also cited Appellant with violating Section 4107(b)(2) pertaining to operating a vehicle with unsafe equipment.

- 3 -

*Id.* In this regard, he testified that he "observed on [Appellant's] vehicle…some type of screening/tinting material over the rear brake lights that added like a darker tint to [both of] the brake lights." *Id.* at 6-7. Officer Underkoffler identified Appellant in court as the person he observed driving the vehicle on July 28, 2017. *Id.* at 7.

On cross-examination, Officer Underkoffler testified as follows:

> Q: Officer, you stated that you saw [Appellant] driving?
> A: Correct.
> Q: When you stopped the vehicle, was he still in the driver's seat?
> A: He was walking away from the car.
> Q: He was not in the car at that time?
> A: Correct.
> Q: Did he tell you that he had been driving?
> A: I saw him driving.
> Q: You had previous contact with him?
> A: Driving, yes.
> Q: He was walking away from the car with paper in his hands?
> A: I don't recall if he had—what he had in his hands.
> Q: Did you have a conversation with him?
> A: Yes.
> Q: He told you that he had not been driving; he was getting something out of the car. Is that correct?
> A: I don't recall if that is what was said.
> Q: Do you recall that conversation at all?
> A: No.

*Id.* at 7-8.

At this point, the Commonwealth rested its case, and Appellant testified in his own defense with the assistance of an interpreter. Specifically, Appellant testified that he was in his car on the date in question looking for some papers. *Id.* at 9. He specifically denied that he drove the vehicle or that anyone drove the vehicle; but rather, he testified the vehicle was parked in front of his home. *Id.* at 9-10. He indicated that, when the officer approached him on the street, the officer told him that he had followed his vehicle. *Id.* at 10. He noted that the officer asked for his identification; however, the officer did not issue him a citation. *Id.*

On cross-examination, the following occurred:

Q: [Appellant], you just heard the officer testify that you were driving the car. Are you disputing that?
A: Yes.

Q: You are disputing that you were also driving under suspension at the time?
A: I was not driving.

*Id.* at 11.

At the conclusion of all testimony, the trial court held the following:

After hearing, and in consideration of all testimony adduced, including weighing the credibility of the parties, the Court finds the testimony of the officer to be credible and consistent, and the testimony of [Appellant] to be less than credible.

The Court finds [Appellant] has violated 75 [Pa.C.S.A. §] 1543(a) and that he has 10 prior convictions of this.

ACCORDINGLY, [Appellant] is found guilty. The Court impose[s] a fine of $1,000.00 plus cost of suit and directs [Appellant] be incarcerated in the Lebanon County Correctional Facility immediately for a period of sixty (60) days.

> [Appellant] has a right to file an appeal to the Superior Court of Pennsylvania within thirty (30) days[.]

*Id.* at 11-12.

On February 2, 2018, Appellant filed a counseled notice of appeal. Thereafter, on April 11, 2018, the trial court filed an order indicating that it failed to sentence Appellant on the summary charge of violating 75 Pa.C.S.A. § 4107(b)(2), and on May 3, 2018, the trial court formally sentenced Appellant to "no further penalty." All Pa.R.A.P. 1925(b) requirements have been met.

On appeal, Appellant first contends the evidence was insufficient to sustain his convictions.

The standard of review for a sufficiency of the evidence claim is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. DiStefano***, 782 A.2d 574, 582 (Pa.Super. 2001) (quotations and citations omitted). "If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict." ***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa.Super. 2006) (citation omitted).

Section 1543(a) of the Vehicle Code provides:

**(a) Offense defined**.—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a) (bold in original).

Section 4107(b)(2) of the Vehicle Code provides:

**(b) Other violations.--**It is unlawful for any person to do any of the following:

***

(2) Operate, or cause or permit another person to operate, on any highway in this Commonwealth any vehicle or combination which is not equipped as required under this part or under department regulations or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations.

75 Pa.C.S.A. § 4107(b)(2) (bold in original).

In the case *sub judice*, Appellant avers the Commonwealth failed to prove that he was actually driving and/or operating his vehicle on the day in question. Specifically, he avers that "[a]t trial, Patrolman Underkoffler did not

stop Appellant while Appellant was in his vehicle. Patrolman Underkoffler only observed Appellant at a vehicle which the officer allegedly saw being driven by Appellant." Appellant's Brief at 12. We find no relief is due.

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, Officer Underkoffler testified that he observed and recognized Appellant as the driver of the subject vehicle on July 28, 2017. While the officer admitted on cross-examination that Appellant had alighted from the vehicle by the time the officer was able to stop his cruiser, he reiterated that he saw Appellant actually driving the vehicle on the street prior thereto. As was within its province, the trial court found Officer Underkoffler's testimony to be credible, and thus, we reject Appellant's sufficiency of the evidence claim. *See DiStefano*, *supra*.[2]

In his next claim, Appellant contends the trial court erred in denying his request for a continuance. Specifically, Appellant avers that, despite the fact the Commonwealth was granted a continuance on December 20, 2017, to clarify what charges had been issued against Appellant, the Commonwealth did not provide the document clarifying the charges until approximately five weeks later (one week prior to the new trial date of January 31, 2018).

---

[2] In his "Statement of Questions Involved," Appellant averred the trial court's verdict was against the weight of the evidence. However, he has failed to develop the claim in any manner in his appellate brief, and therefore, we find the issue to be waived.

- 8 -

Appellant avers that, due to the length of time it took for the Commonwealth to provide the documents, he was unable to adequately prepare for trial.

Our Supreme Court has explained our standard of review for denials of requests for continuances.

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

**Commonwealth v. McAleer**, 561 Pa. 129, 748 A.2d 670, 673 (2000) (internal quotations and citations omitted).

The granting of continuances in criminal cases is governed by Pa.R.Crim.P. 106, which provides, in pertinent part, the following:

> (A) The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.
>
> ***
>
> (D) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106(A), (D).

Here, in explaining the reasons it denied Appellant's request for a continuance, the trial court indicated the following:

Reviewing the transcript, it is clear that both the reasons for [Appellant's] request and the reason for [the court's] denial are present. Appellant's counsel requested the continuance because he claims that he received the citation information the week prior to the [trial]. Th[e] court believe[s] that counsel had sufficient time within which to review the matter with Appellant.

Furthermore, the motion for continuance was untimely as Appellant's counsel brought the motion on the scheduled day of the [trial] and failed to set forth any reasons why the opportunity to bring the motion sooner did not exist, or that Appellant was not aware of the grounds for the motion. Appellant's counsel stated that he received the information the week prior to the [trial], but failed to file a motion within the 48 hour period prescribed by the Rule. Therefore, [the court] believe[s] that Appellant's claim that the court abused its discretion in denying the motion for continuance lacks merit.

Trial Court Opinion, filed 4/4/18, at 8-9.

We find no abuse of discretion in this regard. *See **McAleer**, **supra***. As the trial court found, Appellant made his request for a continuance on the day of trial. Appellant did not provide any explanation indicating that the opportunity to request the continuance sooner did not previously exit or that he was not aware of the grounds for the motion. ***See*** Pa.R.Crim.P. 106(D). Also, as it relates to the interests of justice, we note that "[a] bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion." ***Commonwealth v. Ross***, 57 A.3d 85, 91 (Pa.Super. 2012) (*en banc*). "Instead, an appellant must be able to show specifically in what manner he was unable to prepare his defense or how he wo/uld have prepared differently had he been given more time." ***Id.***

(quotation omitted).  Appellant failed in this regard, and thus, we find no merit to his claim.

For all of the foregoing reasons, we affirm.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/11/2018