J-S07028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICKLE JOE SHAFFER | : | |
| | : | |
| Appellant | : | No. 763 MDA 2025 |

Appeal from the PCRA Order Entered May 29, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000264-2014

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 25, 2026**

Appellant, Mickle Joe Shaffer, appeals *pro se* from the order entered on May 29, 2025, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously summarized the underlying facts of this case:

> On Christmas Eve 2013, [Appellant] hosted a small party at his rural mobile home.  One of his guests, Mary Jane Hinton, was selling cocaine to other attendees through the night. Around 3 a.m. Christmas morning, Hinton's supplier, Terry Fulton, arrived at the party, intending to sell more cocaine to Hinton.
>
> Another attendee, Darius Spoonhour, had previously entered into a conspiracy with Janorris Hughes to rob Fulton and other attendees.   Upon overhearing Hinton contact Fulton, Spoonhour contacted Hughes to alert him to Fulton's imminent arrival at the party.
>
> Shortly thereafter, [Appellant] opened the door to his back porch and was greeted by Hughes holding a gun to his face. Hughes informed [Appellant] that "this is a robbery."  Hughes

escorted [Appellant] back into his home at gun point, and herded the attendees into a back room, ordering them to strip and hand over their valuables.

At this point, Fulton physically engaged Hughes and attempted to wrest the gun away. The struggle moved back into [Appellant's] living room. Ultimately, Hughes ended up standing over Fulton and shot him three times. Hughes subsequently fled the residence without his gun.

Fulton left the premises to seek medical attention, but Spoonhour retrieved Hughes's gun. [Appellant] took the weapon from Spoonhour and made two discoveries. First, that the gun was empty. Second, that he had ammunition that would fit the gun. At this point, none of the victims had made any attempt to contact authorities.

[Appellant] reloaded Hughes's gun and went outside to search for Hughes. After this first sweep was unsuccessful, he returned to his home. Still no attempt was made to contact authorities regarding the attempted robbery. After approximately 30 minutes, [Appellant] made a second sweep of his property.

During this second search, [Appellant] found Hughes hiding in Spoonhour's car. Hughes exited the car under gunpoint. When Hughes attempted to flee to a nearby treeline, [Appellant] fired one to three shots at him. Hughes was struck once in the back, suffering a fatal wound.

The Pennsylvania State Police ultimately charged [Appellant] with homicide and several other crimes. A jury then convicted [Appellant] of third-degree murder,[1] and acquitted him on the remaining charges. [On December 9, 2015, the] trial court imposed a sentence of imprisonment of 20 to 40 years.

***Commonwealth v. Shaffer***, 159 A.3d 59 (Pa. Super. 2016) (unpublished

memorandum).

---

[1] 18 Pa.C.S.A. § 2502(c).

We affirmed Appellant's judgment of sentence on October 28, 2016 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 11, 2017. **Commonwealth v. Shaffer**, 159 A.3d 59 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 169 A.3d 1044 (Pa. 2017).

Appellant filed the current PCRA petition – his first – on July 31, 2017; the PCRA court then appointed counsel to represent Appellant during the proceedings. **See** Appellant's First PCRA Petition, 7/31/17, at 1-11; PCRA Court Order, 8/7/17, at 1. While the petition was pending, however, Appellant filed a motion to proceed *pro se*. **See** Appellant's "Motion for a **Grazier** Hearing," 11/9/21, at 1. Following a **Grazier** hearing,[2] the PCRA court granted Appellant's request to proceed *pro se* and withdrew appointed counsel's representation. PCRA Court Order, 1/15/21, at 1-2.

After Appellant was permitted to proceed *pro se*, Appellant filed numerous amendments to his PCRA petition. Further, Appellant filed several notices of appeal to the Superior Court from various interlocutory orders; these appeals were either quashed or withdrawn. Finally, on February 18, 2025, the PCRA court scheduled an evidentiary hearing on Appellant's petition for May 29, 2025. PCRA Court Order, 2/18/25, at 1.

As the PCRA court explained:

---

[2] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

On May 28, 2025, [the PCRA court was] informed that [Appellant] refused to come out of his cell at SCI [Houtzdale] to be transported to Franklin County for the hearing. On May 29, 2025, [the PCRA court] convened the hearing, taking the testimony of one witness – [Sergeant] Ronald Guyer [of] the Franklin County[] Sheriff's [Department]. [Sergeant Guyer] testified to his knowledge of [Appellant's] refusal to leave his cell to be transported for the hearing. At the conclusion of the testimony, [the PCRA court] found that it was [Appellant's] burden to prove his PCRA claims and closed the evidence in this matter. [By order entered May 29, 2025, the PCRA court] dismissed the matter for [Appellant's] failure to prove his claims.

PCRA Court Opinion, 7/28/25, at 2-3.

Appellant filed a timely notice of appeal. He raises the following claims to this Court:

[1.] Whether the PCRA court erred and abused its discretion when it did not enter an order directing the Commonwealth and Attorney Foster to submit the entire case file to [Appellant?]

[2.] Whether the PCRA court erred and abused its discretion when it dismissed [Appellant's] PCRA petition without first giving [Appellant] a fair and meaningful opportunity to plead and prove his claims[?]

[3.] Whether the PCRA court erred and abused its discretion when it dismissed and did not consider [Appellant's] first supplement to his second amended PCRA petition[?]

[4.] Whether the PCRA court erred and abused its discretion when it did not consider the motion for a continuance and the reasoning provided by [Appellant?]

Appellant's Brief at 4.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its

conclusions of law are free from legal error." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015) (quotation marks and citations omitted). "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." ***Id.*** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Id.*** (quotation marks and citations omitted).

As our Supreme Court has explained:

> To be entitled to PCRA relief, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2), which include a violation of the Pennsylvania or United States Constitution or ineffectiveness of counsel, any one of which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i) and (ii).

***Mason***, 130 A.3d at 617-618.

During the May 29, 2025 PCRA hearing, Sergeant Ronald Guyer of the Franklin County Sheriff's Department testified that Appellant refused to be transported to the PCRA court for the scheduled hearing. As Sergeant Guyer testified:

> [Sergeant Guyer]: So I called Tuesday to schedule the transport of [Appellant] . . . to bring him into the Franklin County Jail.
>
> [Counsel]: Where was he?
>
> [Sergeant Guyer]: SCI Houtzdale, and . . . I spoke to records first, scheduled the transport, and everything was good, gave me the pickup time, and then about three hours later I received a call back from SCI Houtzdale from a Dana Entrekin

[] and she is with the Superintendent's Office at SCI Houtzdale.

She said according to her, Captain Farabaugh said that [Appellant] refused to pack up, and what that means is when an inmate goes out on a writ it's called ATA, which is Authorized Temporary Absence, and all the inmate's belongings are packed up and moved to a storage location out of that cell.

She said [Appellant] refused to pack up one, and also refused to come out of his cell to go when my deputies would have gone to the SCI Houtzdale location to bring him back to Franklin County Jail.

[PCRA Court]: So [Appellant] refused to undertake the steps that would have led him to be transported here today?

[Sergeant Guyer]: That's correct, Your Honor.

[PCRA Court]: And because of that he is not here?

[Sergeant Guyer]: That's correct.

N.T. PCRA Hearing, 5/29/25, at 5-6.

Based upon the above, the PCRA court determined that Appellant intentionally and voluntarily refused to appear for the scheduled, May 29, 2025 hearing and, as a result, Appellant failed to satisfy his burden of production in this case. *See* N.T. PCRA Hearing, 5/29/25, at 7-8. The PCRA court's factual findings are supported by the record and binding on this court. Therefore, Appellant's first three claims on appeal – where Appellant claims the PCRA court erred in failing to grant his PCRA petition – necessarily fail. Pa.R.Crim.P. 602(A) ("[t]he defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial").

- 6 -

For Appellant's fourth and final claim on appeal, Appellant contends that the PCRA court erred when it denied his May 27, 2025 motion, wherein he sought to have the scheduled, May 29, 2025 PCRA hearing continued because, Appellant claimed, he was "in need of more time to communicate with witnesses and secure subpoenas for them."  Appellant's Motion for Continuance, 5/27/25, at 1-2.  This claim fails.

"[Pennsylvania Rule of Criminal Procedure] 106(A) provides in pertinent part, 'The court . . . may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.'" *Commonwealth v. Bozic*, 997 A.2d 1211, 1225 (Pa. Super. 2010).  "Appellate review of the trial court's decisions on continuance motions rests on an abuse of discretion standard." *Id.*  "The refusal to grant a continuance constitutes reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated." *Id.* (quotation marks and citations omitted).  *See Commonwealth v. McAleer*, 748 A.2d 670, 673 (Pa. 2000) ("[t]he grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion").

The Pennsylvania Supreme Court has explained:

> the term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the trial judge.  Absent an abuse of that discretion, an appellate court should not disturb a trial court's discretionary ruling.  An appellate court will not find an abuse of discretion based on a mere error of judgment, but rather [discretion is abused] where the trial court has

reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Importantly, an appellate court should not find that a trial court abused its discretion merely because the appellate court disagrees with the trial court's conclusion. Indeed, when reviewing the trial court's exercise of discretion, it is improper for an appellate court to step into the shoes of the trial judge and review the evidence *de novo*. In other words, an appellate court may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court.

*Commonwealth v. DiStefano*, 265 A.3d 290, 297-298 (Pa. 2021) (quotation marks, citations, and brackets omitted).

As the PCRA court explained, it did not abuse its discretion when it denied Appellant's last-minute motion for a continuance:

[Appellant] filed a motion for [a continuance] on May 27, 2025. [The PCRA court] entered an order on June 4, 2025, which stated in relevant part, "[h]earings on [Appellant's] PCRA cases have been set numerous times and had to be cancelled or continued due to the multiple frivolous appeals and other requests for relief [filed by the *pro se* petitioner]." Moreover, "[s]uch confounding litigation has led to this matter being delayed for more than five years."

PCRA Court Opinion, 7/28/25, at 8 (some brackets omitted).

We agree with the PCRA court and conclude that it was well-within its discretion when it denied Appellant's last-minute request to continue the scheduled hearing. Thus, Appellant's final claim on appeal fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/25/2026