J-S08026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THOMAS W. OLICK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE ESTATE OF ANDREW OLICK, | : | No. 2483 EDA 2024 |
| SR., AMANDA TOBAR, ANDREW | : | |
| OLICK, JR., MARGUERITE DIPPEL, | : | |
| VICTORIA OLICK, CASANDRA OLICK, | : | |
| GERALYN OLICK | : | |

Appeal from the Order Entered August 30, 2024
In the Court of Common Pleas of Northampton County Civil Division at
No(s): C-48-CV-2020-07740

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 15, 2025**

In a prior appeal, this Court imposed sanctions against Thomas Olick

under Appellate Rule 2744,[1] because his appeal was entirely frivolous. We

---

[1] Appellate Rule 2744 provides in relevant part:

> In addition to other costs allowable by general rule or Act of
> Assembly, an appellate court may award as further costs damages
> as may be just, including (1) a reasonable counsel fee . . . if it
> determines that an appeal is frivolous or taken solely for delay or
> that the conduct of the participant against whom costs are to be
> imposed is dilatory, obdurate or vexatious. The appellate court
> may remand the case to the trial court to determine the amount
> of damages authorized by this rule.

Pa.R.A.P. 2744.

remanded for the trial court to determine the amount of reasonable counsel fees and costs to award to Appellees. Olick now appeals the trial court's order imposing the sanctions we ordered. Upon review, we affirm.

We previously set forth the factual and procedural history of this case:

Briefly, this matter originated in 2017 with a will contest that Olick filed in Broward County, Florida, against the estate of Robert F. Browne. In 2018, Olick and Andrew Olick, Sr., executor of the Browne Estate, entered into a settlement agreement for Olick's claims, awarding Olick $50,000 and a Mariner statute. In May 2021, a Florida judge determined that the settlement agreement had been fully satisfied.

In July 2021, Olick filed a notice of claim against the Estate of Andrew Olick, Sr., also in Broward County Florida, claiming he was owed an additional $100,000 plus $24,000 in interest from the Browne Estate based on Andrew Olick, Sr.'s breach of the settlement agreement. In September 2021, Olick also filed a complaint against the Appellees in Northampton County, Pennsylvania, alleging claims related to a breach of the settlement agreement.

The Appellees filed preliminary objections in the nature of demurrer on numerous grounds, including collateral estoppel and the pendency of a prior action (*lis pendens*). After Olick filed two amended complaints which were virtually identical to the first Amended Complaint, on September 3, 2022, the trial court ultimately sustained the preliminary objections for collateral estoppel and *lis pendens* and dismissed Olick's action with prejudice.

**Olick v. Est. of Olick**, 307 A.3d 699 (Pa. Super. 2023), *reargument dismissed* (June 11, 2024) (footnote omitted). Because the trial court sustained the Appellees' preliminary objections based on collateral estoppel and *lis pendens*, it did not address their remaining objections. Olick appealed.

This Court concluded that Olick failed to comply with multiple appellate rules, which irreparably hampered our ability to consider his appeal. Therefore, Olick waived appellate review of the trial court's order which sustained the Appellees' preliminary objections and dismissed Olick's complaint. We dismissed Olick's appeal pursuant to Appellate Rule 2101 on October 31, 2023, and affirmed the trial court's order. *Id.* at 3.

Additionally, in a rare move, we granted Appellees' request for sanctions because Olick's appeal was entirely frivolous. We explained:

> Here, it appears that Olick was unhappy with the results of his Florida lawsuit and decided to try again in Pennsylvania, forcing the Appellees to fight a legal battle in two states. Despite the Pennsylvania trial judge dismissing his case on this basis, he nonetheless pursued this appeal. But this is more than just an appeal that has no merit.
>
> Olick's verbose and incomprehensible documents and his complete failure to follow the rules and orders in this case render this appeal frivolous. Olick's failure to abide by any court rules forced the Appellees to spend time and money answering numerous repetitive and baseless documents and preparing a reproduced record, because Olick did not. Moreover, Olick's failure to abide by this Court's order prohibiting him from filing an amended brief and reproduced record forced the Appellees to file a motion to strike these documents. We therefore grant the Appellees' request for attorneys' fees and costs relating to this appeal. We remand for further proceedings for the trial court to calculate and impose an award of reasonable counsel fees and costs incurred by the Appellees in defending this appeal. *See* Pa.R.A.P. 2744.

*Id.* at 3. On April 16, 2024, our Supreme Court denied Olick's petition for allowance of appeal. Olick then asked this Court to reconsider its decision, which we denied as untimely on June 14, 2024.

That same day, following remand, the trial court scheduled a hearing to be held on July 15, 2024, to determine the amount of sanctions to be imposed against Olick in accordance with this Court's decision. On July 8, 2024, Olick requested a continuance to conduct discovery, which the court denied.

On July 15, 2024, the trial court commenced the sanctions hearing. At that time, Appellees' counsel submitted into evidence invoices of fees charged and costs incurred in connection with Olick's prior appeal. The trial court then continued the hearing for over two weeks to provide Olick with time to review the invoices and prepare any challenges. Thereafter, Olick filed a motion asking the judge to recuse himself.

On August 2, 2024, the court reconvened the hearing on sanctions. Olick presented objections to Appellees' exhibits and a response to this Court's decision. Olick was given the opportunity to question Appellees' counsel, who was placed under oath, regarding various billing entries. On August 30, 2024, the trial court entered an order in favor of Appellees, in the amount of $45,309.42.

Olick filed this timely appeal. Olick raises the following seven issues:

1. Did the trial court improperly and unreasonably prejudice the below proceedings because it did not permit [Olick] to obtain reasonable and timely discovery of material admissible evidence prior to the 8/2/24 hearing; and/or did not reasonably permit him to fully question and/or object to Appellees' sanctions requests (Exhibit A)?

2. Did the trial court unreasonably prejudice the below proceedings when it allowed Appellees to extensively (and without prior court permission) redact their exhibits which identified the basis or relevance of the sanctions they sought?

- 4 -

3. Did the trial court unreasonably and improperly prejudice [Olick] in the below proceeding when it granted the unverified sanctions sought, including those which [Appellees' counsel] adversely testified were incorrect; were not the invoices that Appellees actually paid; and which contained unsupported and unverified invoices allegedly made by a third party which Appellees' counsel Sanders admitted contained material misrepresentations and errors?

4. Did the trial court unreasonably and improperly prejudice [Olick] in the below proceedings when it granted sanctions concerning communications between third parties including those they admitted were unrelated to the matters underlying the scope of permissible sanctions (e.g. Attn. Abrahamson)?

5. Did the trial court unreasonably and improperly prejudice [Olick] in the below proceedings when it failed to serve, or untimely served, [him] with orders it entered in the below proceedings (e.g. 6/24/24 Order; Transcript 7/27/24, etc.)?

6. Did the trial court unreasonably prejudice the below proceedings when it refused to accept or consider related admissible relevant pleadings previously docketed in the below case?

7. Did Judge Murray unreasonabl[y] prejudice the below proceedings when he refused to respond to or ignored "Olick's' motion to recuse himself (id.) (e.g. please note that Murray was previously recused in [Olick's] prior case)?

Olick's Brief at 6-8 (excessive capitalization removed).

Preliminarily, upon review of the record, we observe that Olick has failed to comply with the Pennsylvania Rules of Appellate Procedure, as he did in his prior appeal. Specifically, Olick's appellate brief violates several rules. We previously explained:

[A]ppellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. *See also id.* at 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t is an appellant's duty to present arguments that are

sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted).

***Olick***, 307 A.3d at 2. An appellant must provide a legal argument for each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). The argument must be divided into as many sections as there are questions presented. ***Id.*** This court may quash or dismiss an appeal where the appellant presents the Court with a defective brief or reproduced record. ***See*** Pa.R.A.P. 2101.

Here, Olick raised seven issues in his statement of questions involved on appeal. However, he only addressed three of these issues in the argument section of his brief, namely issues one, two and seven. Further, he does not cite any relevant legal authority to support his legal arguments and analysis, which he developed minimally, at best. Although we could quash Olick's appeal entirely under Appellate Rule 2101 for his failure to comply, again, with our rules, we decline to do so. Nonetheless, because Olick did not address issues three through six in the argument section of his brief in separately designated sections, thereby hampering our ability to review those issues, they are waived. We acknowledge Olick's *pro se* status, but "[i]It is not the obligation of an appellate court to formulate an appellant's arguments for him." ***Commonwealth v. Armolt***, 294 A.3d 364, 377 (Pa. 2023) (citation and brackets omitted). Therefore, we will only address issues one, two, and seven.

Olick first claims that the trial court prejudiced him when it denied his request for a continuance of the scheduled sanctions hearing so that he could conduct discovery. Olick maintains that Appellees had not provided him with any information as to the sanctions they might request or the basis for them. According to Olick, although Appellees did not oppose this motion, the trial court denied his request and encouraged Appellees to conceal exculpatory facts and evidence, denying him of a "full and fair trial on the merits." Olick's Brief at 14-16.

"The decision to grant or deny a continuance request is within the sound discretion of the trial court, and we will not reverse the decision, absent a clear abuse of discretion." *Commonwealth v. McAleer*, 748 A.2d 670, 673 (Pa. 2000). It is well-settled that "an abuse of discretion is not merely an error of judgment[,]" but occurs when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]" *Id.* (citations and internal quotation marks omitted). This Court "will not find an abuse of discretion if the denial of the continuance request did not prejudice the appellant." *Commonwealth v. Pettersen*, 49 A.3d 903, 914 (Pa. Super. 2012).

In his motion, Olick requested that the trial court continue the hearing for two weeks, after he received information as to the amount of fees and costs Appellees were seeking in the form of sanctions and the basis for that amount. Contrary to Olick's claim, Appelllee's objected to this request. The

- 7 -

trial court denied Olick's initial motion, which was within its discretion. However, the court ultimately gave Olick the additional time he requested.

At the hearing on July 15, 2024, the trial court continued the matter until August 2, 2024, giving Olick almost two and a half weeks to review the invoices Appellees' counsel submitted at the hearing and to prepare any objections to the fees. Consequently, Olick was not prejudiced, and the trial court did not abuse its discretion in denying his motion for a continuance.[2]

In his second issue, Olick claims that he was prejudiced when the trial court allowed Appellees to extensively redact their exhibits, which served as the basis for determining the sanctions imposed against him. Olick argues that amounts sought included entries which were redacted. According to Olick, these amounts should not have been included in the trial court's calculation of sanctions. Olick's Brief at 17.

"Our review of a trial court's order awarding attorneys' fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making the fee award." *See Kulp v. Hrivnak*, 765 A.2d 796,

_____

[2] Despite the trial court granting Olick the additional time he requested, Olick continues to challenge the court's decision and engage in frivolous litigation. We further observe that to support his position on this issue, Olick cites *Brady v. Maryland*, 373 U.S. 83 (1963); he claims there was a *Brady* violation because the Appellees were permitted to conceal exculpatory evidence, and the trial court supported this. Olick's Brief at 15. *Brady* clearly does not apply here, as that case pertains to the Commonwealth's obligation in a criminal matter to provide a defendant with any exculpatory evidence. Again, Olick continues to make irrelevant legal arguments and cite inapplicable legal authority to support his claims.

799 (Pa. Super. 2000). If the record supports a trial court's finding, such award will not be disturbed on appeal. ***See id.***

Initially, we note that the trial court's sole directive on remand was to calculate the amount of fees and costs to impose as sanctions against Olick, and not to determine whether sanctions were appropriate. This Court had already determined that sanctions were warranted. The trial court concluded that Appellees were entitled to $45,309.42 as sanctions for Olick's frivolous appeal. The court based its decision on the testimony and exhibits presented at the hearings and Olick's written response to Appellees' request. Thus, contrary to Olick's claim, the court did consider his pleading. Trial Court Opinion, 11/1/24, at 5. The court found that Appellees presented sufficient evidence to support its calculation of sanctions. The court explained:

> During the proceeding on June 15, 2024, [Appellees'] counsel submitted a binder with invoices marked as Exhibit 1 and a summary page marked as Exhibit 2. [Appellees'] counsel represented that the hourly rates of the pertinent lawyer were reasonable relative to their following geographic areas: Philadelphia, Pennsylvania and Tampa, Florida. She also represented that these fees were reasonable and the services were necessary, especially when considering that her firm had to recreate and reproduce the record because of [Olick's] failure to do so. [And in fact, the hourly rate was reduced]. Upon motion, these exhibits were admitted into evidence . . . . At the proceeding held on August 2, 2024, [the court] asked [Appellees' counsel] to be sworn under oath even though she is an officer of the court. Although the purpose of this proceeding was to allow [Olick] the opportunity to ask questions regarding the billing statement, [Olick] inappropriately submitted a pleading regarding the Superior Court's Decision and order dated October 31, 2023. After explaining that this court did not have jurisdiction to consider the pleading . . . [it] redirected the proceeding for the limited purpose

of determining the calculation of sanctions. In responding to [Olick's] second pleading titled "objections to [Appellees'] Exhibit No. 1 and No. 2 for the 8/2/24 Sanctions Hearing," defense counsel described [the Exhibits]. [Appellees'] counsel represented that her firm only billed for the items that were not redacted in Exhibit No. 1, and that Exhibit No. 2 is basically a summary of the billing statements.

Instead of addressing whether the invoices were fair and reasonable and based on necessary services, [Olick] continued to be preoccupied with his claims that the services were for *ex parte* contacts with our court, the Superior and Commonwealth Courts, and also the Pennsylvania Supreme Court. In response and in an attempt to redirect the proceedings on the narrow issues of determining sanctions, this Court explained Judicial Conduct Rule 2.9 and the exception for *ex parte* communications regarding scheduling. Furthermore, defense counsel explained that her communications were only with the office of Court Administration or the Prothonotary. In the midst of [Olick] raising extraneous matters, this [c]ourt continued to limit the matter on the calculation of sanctions. In further clarification, [Appellees'] counsel explained that the redacted portions in Exhibit No. 1 were for work product or services unrelated to the appeal and not billed as a basis for sanctions.

Trial Court Opinion, 11/1/24, at 2-4 (citations omitted). Notably, the court stated that Appellees' counsel, who was under oath, "adequately explained that the invoices were properly redacted where the bills for services were ***unrelated to the request for sanctions and not part of the court calculation, or the entries were considered attorney work product.***" *Id.* at 4 (emphasis added). The entries in Exhibit 2 which set forth some description but then indicated "redacted," clearly set forth attorney work product. "[T]he mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories[]" are not subject to disclosure. Pa.R.C.P. 4003.3. Because the

Appellees established that these entries were protected, Olick was not entitled to this information. Therefore, the trial court properly included the amounts for this work in its calculation of sanctions.

Based upon our review of the record, we conclude that the trial court did not abuse its discretion in determining the amount of sanctions awarded in favor of Appellees.

In his seventh issue, Olick claims that he was prejudiced when the trial court refused to grant Olick's motion for recusal. Olick's Brief at 19.

Judges are presumed impartial, and a denial of a recusal motion is subject to an abuse of discretion standard. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998). We have stated that it is the *trial judge*, in the first instance, who uses his or her own *individual discretion or conscience* to determine whether recusal is necessary. *See Commonwealth v. Jones*, 663 A.2d 142 (Pa. 1995) (emphasis added). In *Commonwealth v. Travaglia*, 661 A.2d 352 (Pa. 1995), our Supreme Court noted that:

> In disposing of a recusal request, a jurist must first make a conscientious determination of his or her ability to assess the case before the court in an impartial manner, free of personal bias or interest in the outcome. This is a personal and unreviewable decision that only the jurist can make. *Goodheart v. Casey*, 565 A.2d 757, 764 (Pa. 1989)]. Once satisfied with that self-examination, the jurist must then consider whether or not continued involvement in the case would tend to undermine public confidence in the judiciary. [*Id.*] In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent. Once the decision is made, it is final[.] [*Reilley by Reilly v. SEPTA*, 489 A.2d 1291, 1300 (Pa. 1985)].

- 11 -

*Id.* at 370 (internal quotation marks and some citations omitted).

Here, Olick's motion for recusal was based on the trial court's alleged denial of a "full and fair trial on the merits, including by a jury trial;" denial of his request for discovery; failing to serve Olick with the court's orders; and "criticizing and mocking" Olick at hearings. Our review of the record belies Olick's allegations that the judge was biased, as the trial judge determined. Trial Court Opinion, 11/1/24, at 6.

The record shows Olick was given time to review Appellees' exhibits and prepare for the remainder of the hearing. Moreover, the trial court's mere denial of Olick's motion to continue does not establish bias warranting recusal. Additionally, the court explained that the orders were sent to Olick as they were to Appellees' counsel, who indicated she received them. The court further noted that Olick had repeatedly claimed in this case, as well as others, that he did not receive certain orders, but the clerk's office confirmed that they were sent. N.T., 7/15/24, at 13-14. The docket confirms the orders were sent to Olick pursuant to Rule 236. Lastly, we observe that many of the issues Olick perceived to encounter with the court were the result of his own actions, and the difficulty the court had in dealing with him as a litigious *pro se* party. The court repeatedly had to limit Olick's questions and arguments to focus on matters that were not previously litigated. As the court explained,

Olick continued to raise extraneous issues, and the court needed to redirect Olick's attention to the issue of determining the amount of sanctions.[3]

For the foregoing reasons, Olick is entitled to no relief.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/15/2025

_____

[3] Although not a specific claim in his motion, the trial court explained, as did Appellee's counsel, that there were no inappropriate *ex parte* communications between the court and counsel as Olick maintained. Any such communication was for scheduling, which is expressly permitted under Judicial Conduct Rule 2.9, and was conducted with court administration or the clerk's office.