J-M03001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROSS CHARLES LANGLEY | : | |
| Petitioner | : | No. 19 WDM 2025 |

Appeal from the Order Entered April 25, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000596-2025

BEFORE:  NICHOLS, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: JULY 10, 2025**

Petitioner Ross Charles Langley has filed in this Court a "Petition for Specialized Review Pursuant to Pennsylvania Rule of Appellate Procedure 1610"[1] (Petition for Review), seeking review of the April 25, 2025 order granting the Commonwealth's petition to modify bail and revoking Petitioner's bail.  We affirm.

By way of background, Petitioner was charged with stalking, terroristic threats, and two counts of harassment, in connection with various electronic communications Petitioner allegedly made and directed at the Erie Insurance Company and its personnel.

---

[1] Rule 1610 provides in relevant part, "[w]here the trial court enters an order under Pa.R.A.P. 1762(b) granting or denying release or modifying the conditions of release before sentence, a party may seek review of that order by filing a petition for specialized review in the appellate court that would have jurisdiction over the appeal from the judgment of sentence."  Pa.R.A.P. 1610.

At the preliminary arraignment, a magisterial district judge set Petitioner's bond at $75,000 with three nonmonetary conditions: (1) no contact with any Erie Insurance personnel, board of directors, and/or their families, (2) no entrance to any Erie Insurance property, and (3) no threatening or harassing social media posts. **See** N.T. Bond Hearing, 4/24/25, at 2; **see also** Commonwealth's Request for Bond Hr'g, 4/4/25, at 1 (unpaginated). Petitioner posted bail and was released on February 27, 2025. **See** Commonwealth's Request for Bond Hr'g, 4/4/25, at 2 (unpaginated).

Petitioner created a new account on the social media website X[2] and frequently posted and tagged Erie Insurance's X account. **See** Commonwealth's Request for Bond Hr'g, 4/4/25, Ex. 1. These included a post on April 3, 2025 at 11:38 p.m., wherein Petitioner referenced Timothy Necastro, the CEO of Erie Insurance and Mr. Necastro's family. **See id.** at 1-2 (unpaginated); **see also id.** at Ex. 1 p. 93 (stating that "@erie_insurance if Mr. Necastro really cared about the safety of his child, he would not create and perpetuate a community of fear and control. Despicable"). About a half-hour later, at 12:15 a.m., Petitioner responded to a video about gun control as follows: "@erie_insurance you seem to [f]ear guns despite owning a replica War Room and a private security force. Is it fear of the consequences of your own crimes as you relate to the dictatorial aggressor in the above video?" **Id.** at Ex. 1 p. 94. Later, at 10:30 a.m., Petitioner made another post on X which

_____

[2] Formerly known as "Twitter". **See Murthy v. Missouri**, 603 U.S. 43, 50 n.1 (2024).

stated: "@erie_insurance But make no mistake. Since I have exhausted every reasonable resource, pursued legal avenues(ask Mercer Court House), and have the best intention, if there is even a hint of anyone following my loved ones, I am well within my rights knock your ass out." ***Id.*** at Ex. 1 p. 99 (verbatim).

On April 4, 2025, the Commonwealth filed a motion for a bond hearing to address these alleged violations, and attached copies of Petitioner's posts on X to the motion as Exhibit 1. ***See id.*** The trial court entered an order on April 8, 2025 scheduling a bond hearing for April 24, 2025. Subsequently, on April 22, 2025, the trial court issued a bench warrant for Petitioner.

On April 23, 2025, Petitioner was arrested on the bench warrant. ***See*** N.T. Bond Hearing, 4/24/25, at 5-6; ***see also*** Petitioner's Mot. for Continuance, 4/24/25, at 1 (unpaginated). Petitioner's counsel filed a motion to continue the bond hearing, explaining that counsel had just entered his appearance on behalf of Petitioner, had a scheduling conflict with another matter, and needed time to prepare for the bond hearing. ***See*** Petitioner's Mot. for Continuance, 4/24/25, at 1-3 (unpaginated). In the alternative, Petitioner's counsel requested to appear at the bond hearing by phone. ***See id.*** at 2-3. The trial court denied Petitioner's motion for a continuance but granted Petitioner's counsel's motion to appear by phone.

At the April 24, 2025 hearing, the Commonwealth presented Petitioner's X posts and comments he made on Erie Insurance's LinkedIn posts which had been written both before and after the Commonwealth filed its request for a

bond hearing on April 4, 2025. *See* N.T. Bond Hearing, 4/24/25, at 2-3. The Commonwealth explained that in the social media posts, Petitioner made "lots of references to the shooting of the United Healthcare CEO in New York City," made "threats . . . directed at members of Erie Insurance," and referenced firearms. *Id.* at 3. Petitioner also posted pictures of firearms on social media. *See id.* at 4. The police recovered firearms from Petitioner's vehicle at the time of his arrest. *See id.*

The Commonwealth also asserted that Petitioner had sent threatening e-mails to Erie County District Attorney Elizabeth Hirz, which the Commonwealth described as "even more troubling" than the messages Petitioner sent to Erie Insurance because Petitioner made "almost overt threats of violence[]" in his e-mails to the District Attorney. *Id*. at 2-3. The Commonwealth argued that Petitioner's behavior demonstrated a lack of regard for his bond conditions, Petitioner had continued to engage in the same behavior that led to the underlying charges, and that there was "simply no remedy other than incarceration at this point to restrict his ability to continue to stalk, threaten, and harass his victims." *Id*. at 4. Further, the Commonwealth contended that Petitioner's possession of firearms demonstrated that Petitioner "actually has the capability to carry out the threats that he is making." *Id*. at 5.

Counsel for Petitioner reiterated his objection to proceeding with the bail hearing because he had been retained the day before and had not yet had the opportunity to speak with Petitioner. *See id.* at 5-6. Petitioner also objected

to the trial court's consideration of the social media posts and other electronic communications which the Commonwealth had presented, arguing that the Commonwealth had not authenticated these exhibits. *See id.* at 6.

Without formally ruling on Counsel's objections, the trial explained that it had reviewed the e-mails, threats, and pictures of guns. *See id.* at 7. The trial court found that Petitioner presented a danger to the community and orally granted the Commonwealth's bond-revocation motion. *Id*. at 7. The trial court also ordered a mental health evaluation. *See id.* Lastly, the trial court encouraged Petitioner's counsel to make a request for bail after completion of the mental health evaluation and indicating its willingness to reevaluate its position. *See id.* at 7-8. The following day, the trial court entered a written order memorializing its decision to revoke Petitioner's bond and to lift the bench warrant. *See* Trial Ct. Order, 4/25/25.

On April 30, 2025, Petitioner filed the instant Petition for Review under Pa.R.A.P. 1610, presenting four issues for our review:

1. Did the trial court err/abuse its discretion in issuing a bench warrant for [Petitioner's] arrest on April 22, 2025, where the Commonwealth did not request that a warrant be issued and no reason for its issuance appeared(s) of record?

2. Did the trial court err/abuse its discretion in denying [Petitioner's] motion to continue the subject bond hearing?

3. Did the trial court err/abuse its discretion in revoking/denying [Petitioner's] bail where the Commonwealth presented zero legally-competent evidence to demonstrate that it is substantially more likely than not that Petitioner will harm someone if he is released?

4. Did the trial court err/abuse its discretion in revoking/denying [Petitioner's] bail where the Commonwealth presented zero legally-competent evidence that there is no condition of bail within the court's power that reasonably can prevent Petitioner from inflicting harm?

Pet. for Review at 5-6 (unpaginated).

Additionally, on May 28, 2025, Petitioner filed an application for expedited review.

**Bench Warrant**

In his first issue, Petitioner argues that the trial court abused its discretion by issuing a bench warrant for his arrest where the Commonwealth had not requested a bench warrant nor had the Commonwealth proven that Petitioner violated any of the bond conditions. ***Id.*** at 7 (unpaginated).

This Court reviews bail orders for an abuse of discretion. ***See Commonwealth v. Miller***, 319 A.3d 575, 580 (Pa. Super. 2024); ***accord Commonwealth v. Chopak***, 615 A.2d 696, 701 (Pa. 1992) (stating that "the decision to allow or deny a remission of bail forfeiture lies within the sound discretion of the trial court" (citations omitted)). An abuse of discretion occurs when "the trial court misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will." ***Miller***, 319 A.3d at 580 (citation omitted).

Pennsylvania Rule of Criminal Procedure 536 provides, in relevant part:

(a) A person who violates a condition of the bail bond is subject to a revocation of release and/or a change in the conditions of the bail bond by the bail authority.

(b) When a violation of a condition occurs, the bail authority may issue a bench warrant for the defendant's arrest. When the bench warrant is executed, the bench warrant proceedings shall be conducted pursuant to Rule 150.

Pa.R.Crim.P. 536(A)(1)(a)-(b).

Here, the trial court issued a bench warrant on April 22, 2025, two days before the scheduled bond hearing. We discern no abuse of discretion by the trial court in issuing the instant bench warrant. *See Miller*, 319 A.3d at 580. Rule 536 stated the trial court "**may** issue a bench warrant" if a defendant violates a bail condition. Pa.R.Crim.P. 536(A)(1)(b) (emphasis added). There is nothing in the text of Rule 536 restricting the court from issuing a bench warrant when the Commonwealth has not requested a bench warrant. Further, the Rule does not require the trial court to hold a hearing to determine if a defendant violated a bail condition before the court issues a bench warrant. To the contrary, Rule 536's reference to Rule 150, which governs hearings after a defendant or witness has been arrested pursuant to a bench warrant contemplates a hearing **after** the issuance of a bench warrant based on a violation of bail conditions, not before. *See id.* Therefore, we discern no error in the trial court issuing a bench warrant based on the allegations in the Commonwealth's motion and the attached exhibit. For these reasons, Petitioner is not entitled to relief on this claim.

## Continuance

In his second issue, Petitioner argues that the trial court abused its discretion by denying his motion for a continuance. Pet. for Review at 7-8

(unpaginated). Specifically, Petitioner contends that because he had retained counsel approximately twelve hours before the bond hearing, denying the continuance "effectively denied Petitioner [] the right to counsel during the April 24, 2025 bond hearing[.]" *Id.* at 7 (unpaginated) (citing *Commonwealth v. McAleer*, 748 A.2d 670 (Pa. 2000)).

This Court has explained that

> the grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. . . . A bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion. Instead,
>
> > [a defendant] must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice.

*Commonwealth v. Ross*, 57 A.3d 85, 91 (Pa. Super. 2012) (citations omitted).

Pennsylvania Rule of Criminal Procedure 150 provides, in relevant part:

> (1) When a defendant or witness is arrested pursuant to a bench warrant, he or she shall be taken without unnecessary delay for a hearing on the bench warrant. The hearing shall be conducted by the judicial officer who issued the bench warrant, or, another judicial officer designated by the president judge or by the president judge's designee to conduct bench warrant hearings.
>
> \* \* \*
>
> (5) The bench warrant hearing shall be conducted without unnecessary delay after the individual is lodged in the jail of the county of issuance on that bench warrant.
>
> \* \* \*

(b) . . . [T]he individual shall not be detained without a bench warrant hearing on that bench warrant longer than 72 hours, or the close of the next business day if the 72 hours expires on a non-business day.

*    *    *

(7) If a bench warrant hearing is not held within the time limits in paragraph (A)(5)(b), the bench warrant shall expire by operation of law.

Pa.R.Crim.P. 150(A)(1), (5)(b), (7).

In **McAleer**, the defendant's trial was continued for two days because the defendant's attorney, Richard Hoy, Esq., had a scheduling conflict. **McAleer**, 748 A.2d at 671. At the subsequent court date, the Commonwealth informed the trial court that Attorney Hoy had contacted the Commonwealth and explained that his "associate," Gary Feldman, Esq., was coming to represent the defendant. **Id.** However, at that time, Attorney Feldman was not employed by Attorney Hoy's firm. **Id.** at 672. Further, Attorney Feldman was unfamiliar with the defendant's case and received twenty-four pages of discovery upon his arrival at the court. **Id.** at 671-72. Attorney Feldman informed the trial court that he was not prepared to try the case and requested a continuance on behalf of Attorney Hoy. **Id.** at 672. That same day, the trial court denied the request and the case proceeded to a bench trial at which Attorney Feldman represented the defendant. **Id.** The trial court found the defendant guilty of simple assault, false imprisonment, and related offenses. **Id.** at 672-73. On appeal, our Supreme Court reversed, explaining that

although [Attorney] Feldman informed the [trial] court that [the defendant's] chosen counsel would not be present, and that he

- 9 -

was completely unfamiliar with [the defendant's] case, the court nonetheless refused to give [Attorney] Feldman a reasonable amount of time to prepare for trial as substitute counsel. While we recognize that the state clearly had an interest in proceeding to trial without further delay, it is equally clear that, at a minimum, [the defendant] had an interest in being defended by an attorney who was familiar with his case and prepared for trial. . . . [T]he interests of justice are simply not served when a defendant, . . . is forced to rely on recently substituted counsel, who admitted he was unfamiliar with the case. Such a practice compromises a defendant's basic right to receive adequate representation and to have his choice of counsel in whom he has confidence.

*Id.* at 675-76 (citations omitted and some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Ross*, 57 A.3d at 91. First, Petitioner baldly asserts that the denial of continuance denied him the right to counsel because Petitioner had retained counsel approximately twelve hours before the bond hearing. Petitioner has not explained how his counsel was unable to prepare his defense or would have prepared differently if the continuance had been granted. *See id.*

Further, the factual and procedural history of this case are distinguishable from *McAleer*, where the defendant was forced to go to trial with substitute counsel not of his choice and substitute counsel did not have adequate time to prepare for a trial. *See McAleer*, 748 A.2d at 671-76. Here, the proceeding was a bond revocation and bench warrant hearing, not a trial. Additionally, Rule of Criminal Procedure 150 requires the trial court to hold bench warrant hearings within seventy-two hours of the defendant's arrest on a bench warrant (with some exceptions), otherwise the bench warrant will

- 10 -

expire. *See* Pa.R.Crim.P. 150(A)(5)(b), (A)(7). Therefore, time was of the essence in conducting this hearing. *See id.* For these reasons, Petitioner is not entitled to relief on this claim.

**Revocation of Bail**

In his remaining issues, Petitioner argues that the trial court abused its discretion by revoking his bail. Pet. for Review at 8 (unpaginated). First, Petitioner contends that the Commonwealth failed to present any competent evidence that Petitioner was likely to harm someone if released and that no bail condition reasonably within the trial court's power could prevent Petitioner from inflicting that harm. *Id.* Next, Petitioner claims that the trial court failed to consider the factors set forth in Pa.R.Crim.P. 523(A). *Id.*

As stated above, this Court reviews bail orders for an abuse of discretion. *See Miller*, 319 A.3d at 580. Further, "this Court's scope of review from the denial of bail is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." *Id.* (citing *Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021)). We will affirm the trial court's order denying bail "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct[.]" *Talley*, 265 A.3d at 527.

In *Miller*, this Court explained:

The right to bail, with certain exceptions, is enshrined in Article I, Section 14 of the Pennsylvania Constitution, which provides in pertinent part:

- 11 -

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or **unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great**[.]

Pa. Const. art. I, § 14 (emphasis added).

Rule 520 of the Pennsylvania Rules of Criminal Procedure provides that "[b]ail before verdict shall be set in all cases as permitted by law.  Whenever bail is refused, the bail authority shall state in writing or on the record the reasons for that determination." Pa.R.Crim.P. 520(A).

In *Talley*, our Supreme Court conducted a thorough analysis of a defendant's right to bail pursuant to Article I Section 14 of the Pennsylvania Constitution.  The Court concluded:

> [A] trial court may deny bail under Article I Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense, (2) committed an offense that carries a maximum sentence of life imprisonment, or **(3) presents a danger to any person and the community, which cannot be abated using any available bail conditions.**  That determination requires a qualitative assessment of the Commonwealth's case.

*Talley*, 265 A.3d at 525-26 (emphasis added).  The Court provided a non-exhaustive list of factors a trial court should consider in denying bail, which include: (1) the defendant's character; (2) relevant behavioral history or past patterns of conduct; (3) the gravity of the charged offense; (4) the conditions of bail reasonably available to the court; and (5) any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community.[fn5]  *Id.* at 525.  Thus, according to the Court, "[i]f the balance of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it simply is not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." *Id.* at 526.

[fn5] These factors either largely mirror or overlap with factors set forth in Pa.R.Crim.[P.] 523(A), relating to release criteria.

*Miller*, 319 A.3d at 580-81 (footnote omitted).

Rule 523 provides, in relevant part:

(A) To determine whether to release a defendant, and what conditions, if any, to impose, the bail authority shall consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings, or compliance or noncompliance with the conditions of the bail bond, including information about:

(1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty;

(2) the defendant's employment status and history, and financial condition;

(3) the nature of the defendant's family relationships;

(4) the length and nature of the defendant's residence in the community, and any past residences;

(5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs;

(6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

(7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8) the defendant's prior criminal record;

(9) any use of false identification; and

(10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

Pa.R.Crim.P. 523(A).

Here, the trial court explained:

On April 4, 2025, the Commonwealth filed a request for bond hearing to address [Petitioner's] continuing harassing and threatening behavior directed at the victims at the above docket. A condition of [Petitioner's] bond was to refrain from engaging in this behavior.

A hearing was held on April 24, 2025. At the hearing, the Commonwealth entered into evidence multiple social media posts, pictures, and e-mails from [Petitioner] which contain harassment and threats. [Petitioner] directed these communications at the Erie Insurance Group CEO and other Erie Insurance employees as well as the District Attorney. At the time of his arrest, [Petitioner] was found to have firearms in his possession.

Specifically, the court set forth:

THE [TRIAL] COURT: Well, I had the opportunity to read the e-mails, the threats, and I did see the pictures of the guns and the guns were recovered. So, I do believe that [Petitioner] here is a danger to the community at this point, so I'm going to grant the bond revocation motion. But I'm also going to order a mental health evaluation because I don't know if that's playing a part in all of this.

[N.T. Bond Hearing, 4/24/25, at 7.]

Trial Ct. Statement of Reasons, 5/16/25 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Miller*, 319 A.3d at 580. The record reflects that the trial court considered relevant factors including the nature of the offenses charged, Petitioner's behavioral history, Petitioner's lack of compliance with the conditions of his bond, and evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community. *See Talley*, 265 A.3d at 525; Pa.R.Crim.P. 523(A). The Commonwealth's

- 14 -

evidence, when viewed in the light most favorable to the Commonwealth, established that Petitioner "presents a danger to any person and the community, which cannot be abated using any available bail conditions." *See Talley*, 265 A.3d at 525-26; *see also Miller*, 319 A.3d at 580. Specifically, Petitioner has failed to comply with his bond conditions by sending threatening messages to the alleged victims on social media. *See* N.T. Bond Hearing, 4/24/25, at 2-3; Commonwealth's Request for Bond Hr'g, 4/4/25, Ex. 1. Further, Petitioner sent threating e-mails to the District Attorney. *See* N.T. Bond Hearing, 4/24/25, at 2-3. Lastly, Petitioner's possession of firearms is evidence of his ability to carry out his threats. *See id.* at 4-5. For these reasons, Petitioner is not entitled to relief on these claims.[3] Accordingly, we affirm the trial court's order revoking Petitioner's bail.

Application for expedited review granted. Order affirmed. Jurisdiction relinquished.

---

[3] To the extent that Petitioner argues that the Commonwealth failed to present legally competent evidence at the bond hearing, this claim is waived for lack of development. *See Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of" a party). We recognize that a petitioner is not permitted to file a brief in support of a petition for specialized review. *See* Pa.R.A.P. 1603(d). Instead, the petition itself must contain "a concise statement of the reasons why the trial court . . . erred[,]" and "shall present all contentions and arguments relied on with accuracy, brevity, and clarity." Pa.R.A.P. 1603(c)(6), (d); *cf.* Pa.R.A.P. 2119 (setting forth the requirements for the argument section of an appellate brief). Nevertheless, Petitioner has not presented **any argument** in his Petition for Review as to why any of the evidence the Commonwealth presented at the bond hearing was not admissible. Therefore, this issue is waived. *See* Pa.R.A.P. 1603(c)(6), (d); *see also Kane*, 10 A.3d at 331.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/10/2025